869 F.2d 688
 13 Fed.R.Serv.3d 468
 Thomas GLEASON, Plaintiff-Appellant,
v.
William McBRIDE, Paul Ranieri, Vincent Buonanno, Phillip
Zegarelli, John Malandrino, Thomas Cavalieri, James
Timmings, Robert Ponzini, Gordon Ferguson, Rocco Rea, John
Jandrucko, Village of North Tarrytown, Vincent Cerbone, Carl
Vergari, Lynn Farrell, the Village of Mount Kisco, the
County of Westchester, Richard Spota, James Whalen, William
Booth, Defendants-Appellees.
 No. 239, Docket 88-7415.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 16, 1988.
Decided March 13, 1989.
 
 Brian E. Moran, Stamford, Conn. (John Haven Chapman, Chapman, Moran, Hubbard & Zimmermann, Stamford, Conn., of counsel), for plaintiff-appellant.
 Robert A. Gaynor, New York City (Arthur S. Olick, Anthony Princi, Gabriella Jordan, Anderson Russell Kill & Olick, New York City, of counsel), for defendants-appellees Jandrucko, Whalen, Ponzini, Booth and Spota.
 Paul Goodovitch, Rockville Centre, N.Y. (Jacobson & Schwartz, Rockville Centre, N.Y., of counsel), for defendants-appellees McBride, Zegarelli, Village of North Tarrytown, Ranieri, Buonanno, Malandrino, Cavalieri and Timmings.
 Before FEINBERG, MESKILL and KEARSE, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from an April 22, 1988 opinion and order of the United States District Court for the Southern District of New York, Stanton, J., which granted plaintiff-appellant Thomas Gleason's motion to amend his complaint in a consolidated action brought against numerous defendants-appellees and dismissed the amended complaint based on the running of the statute of limitations, failure to state a claim upon which relief may be granted, lack of subject matter jurisdiction and res judicata.
 
 
 2
 We affirm in part, reverse in part, and remand.
 
 BACKGROUND
 
 3
 In a complaint dated November 25, 1981, Gleason filed suit against the Village of North Tarrytown, New York (the Village), Village Mayor William McBride, Village Trustees Paul Ranieri, Vincent Buonanno, Phillip Zegarelli, John Malandrino, Thomas Cavalieri and James Timmings, Village Attorney Robert Ponzini, Village Chief of Police John Jandrucko, and Village police officers Gordon Ferguson, Rocco Rea and Michael O'Shaughnessy. An amended complaint dated November 26, 1982 added as defendants the Village of Mt. Kisco, New York, the County of Westchester, Justice Vincent Cerbone, and prosecutors Carl Vergari and Lynn Farrell. (Gleason I ). The complaints were substantially similar, in that they alleged violations of Gleason's constitutional rights and of his statutory rights under 42 U.S.C. Secs. 1983, 1985 (1982), stemming from his arrest at a November 27, 1978 Village Board meeting and his subsequent conviction for disorderly conduct at that meeting. The November 26, 1982 complaint also alleged that defendants Farrell, Vergari, the County of Westchester and Cerbone were motivated by malice in their prosecution of Gleason.
 
 
 4
 On November 25, 1985, Gleason withdrew and discontinued the action with respect to defendants Ferguson, Rea, Cerbone, Vergari, Farrell, the Village of Mt. Kisco and the County of Westchester, but continued the action with respect to all other defendants. On August 26, 1986, the action was withdrawn and discontinued with respect to defendant O'Shaughnessy.
 
 
 5
 Gleason also filed a separate suit against, among others, the Village, Village Police Chief Richard Spota, John Jandrucko and the County of Nassau, New York alleging violations of sections 1983 and 1985 in connection with a purportedly false arrest in February 1979 for bank robbery (Gleason II ). Gleason II was voluntarily discontinued by stipulation and order of discontinuance with prejudice dated July 28, 1984. See Gleason v. Jandrucko, 860 F.2d 556, 557 (2d Cir.1988). Gleason sought to vacate that order by filing a complaint on August 23, 1986, claiming that the voluntary dismissal was procured through the perjury of key witnesses and their fraudulent withholding of evidence. Id. The United States District Court for the Southern District of New York, Leval, J., dismissed Gleason's complaint for failure to state a claim upon which relief may be granted, id. at 558; Fed.R.Civ.P. 12(b)(6). We affirmed. Gleason, 860 F.2d 556.
 
 
 6
 Gleason instituted a third action against defendants Spota, Police Officers James Whalen, William Booth, Gabriel Hayes, Jr., James Brophy and the Village, alleging violations of sections 1983 and 1985 in relation to Gleason's May 17, 1981 arrest and his subsequent conviction for harassment of Lanning Fiala, a teenager who resided in the Village (Gleason III ). The complaint was dated July 18, 1983; however, it was not filed until May 11, 1984. The action was withdrawn and discontinued with respect to defendants Hayes and Brophy on September 19, 1986.
 
 
 7
 Gleason I and Gleason III were consolidated and a consolidated amended complaint (First Amended Complaint) was filed on March 10, 1986. The district court granted Gleason's motion to amend his complaint further. The Second Consolidated Amended Complaint contained eight counts alleging violations of Gleason's constitutional rights and his rights under 42 U.S.C. Secs. 1983, 1985. He also claimed that the defendants had committed several common law torts against him. Specifically, Count I alleged violations of Gleason's rights under the First, Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution; Count II alleged that the defendants conspired to violate sections 1983 and 1985 and that they engaged in a cover-up of those violations; Count III alleged tortious interference with contract and employment; Count IV alleged tortious interference with Gleason's career and prospective economic advantage, and due process violations; Count V alleged intentional infliction of emotional distress; Count VI alleged a violation of Gleason's right to privacy; Count VII alleged a prima facie tort; and Count VIII alleged libel per se. The district court dismissed the amended complaint based on the running of the statute of limitations, failure to state a claim for which relief may be granted, lack of subject matter jurisdiction and res judicata.
 
 DISCUSSION
 1. The Dismissal of Gleason I Claims
 
 8
 Gleason filed the original complaint in Gleason I on November 27, 1981. That complaint, however, was never served on the defendants. Gleason filed an amended complaint on November 29, 1982. The amended complaint was not served on the defendants until September 16, 1985. Fed.R.Civ.P. 4(j) provides for dismissal of an action if service of a summons and a complaint is not made within 120 days after the filing of the complaint. However, Rule 4(j) was not in effect when the complaint in Gleason I was filed. Therefore, the district court properly applied a "due diligence" standard in evaluating the timeliness of the service of the complaint. Applying this standard, the court dismissed as untimely the claims arising out of Gleason's arrest and conviction for disorderly conduct.
 
 
 9
 On appeal, Gleason argues that the district court erred in dismissing the complaint as untimely and that the appellees waived their objections to the delay in the service of process by not raising the issue promptly in their answer. Gleason also contends that the defendants-appellees had constructive notice of the lawsuit because of its mention in a local newspaper article and the fact that Gleason sent certain letters to the Village Board indicating his "intent to file" suit. Appellees assert that they have not waived their objections and that they raise a statute of limitations defense as well as a defense based upon insufficient service of process.
 
 
 10
 Claims under 42 U.S.C. Sec. 1983 must be commenced within the statute of limitations period applicable to personal injury actions occurring in the state in which the federal court sits. See 42 U.S.C. Sec. 1988 (1982); Wilson v. Garcia, 471 U.S. 261, 266-68, 279, 105 S.Ct. 1938, 1941-43, 1948, 85 L.Ed.2d 254 (1985). A three year limitations period is applicable for section 1983 violations that occurred in New York. Owens v. Okure, --- U.S. ----, ----, 109 S.Ct. 573, 580-82, 102 L.Ed.2d 594 (1989). The original complaint in Gleason I was filed barely within the three year statute of limitations period. Thus, as the district court noted, "[a]ny claims arising out of the Village Board arrest would ... appear to be timely" filed against the defendants named in the original complaint. (emphasis added). The district court went on to dismiss the complaint because Gleason had not acted with due diligence in serving the defendants. We agree with that disposition.
 
 
 11
 The district court was correct in finding that service of the amended complaint nearly seven years after the occurrence of the complained of events and long after the running of the three year statute of limitations did not constitute due diligence. See Smith v. Skakel, 444 F.2d 526, 527 (6th Cir.1971) (service 3 1/2 years after 6 year statute of limitations expired was not due diligence). The district court also correctly held that "delay in service of the summons and complaint may nullify the effect of filing the complaint." See Application of the Royal Bank of Canada, 33 F.R.D. 296, 299-303 (S.D.N.Y.1963) (where plaintiff had not served process on defendant, in effect, no action had been commenced and plaintiff could not engage in discovery procedures).
 
 
 12
 Gleason made no attempt to show that he was diligent in serving the defendants. He provided no explanation for the thirty-four month interval between filing the amended complaint and serving the defendants. In the instant case, the unexplained delay had the effect of negating the fact that a complaint was ever filed. See Application of the Royal Bank, 33 F.R.D. at 299-303. Because in effect no complaint was filed within the three year statute of limitations period, the dismissal as untimely of the claims relating to the Gleason I action was proper.
 
 
 13
 Gleason's argument that dismissal was erroneous because the defendants did not raise the defense of insufficiency of process in their answer is flawed. Prior to the enactment of Rule 4(j), failure to use due diligence in serving process was justification for the involuntary dismissal of actions for want of prosecution under Fed.R.Civ.P. 41(b). The district court could order dismissal on this ground sua sponte, without giving notice to the parties. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-32, 82 S.Ct. 1386, 1388-90, 8 L.Ed.2d 734 (1962); Taub v. Hale, 355 F.2d 201, 202 (2d Cir.) (per curiam), cert. denied, 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966); West v. Gilbert, 361 F.2d 314, 316 (2d Cir.) (per curiam), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); see also 9 C. Wright, A. Miller & F. Elliott, Federal Practice and Procedure Sec. 2370, at 212 (1971 & Supp.1988). Thus, regardless of whether any of the defendants moved to dismiss, we hold that the district court's sua sponte dismissal of the action was proper.
 
 
 14
 Appellant's contention that the appellees had constructive notice of the lawsuit is without merit. It is well settled that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Neither method of notice alleged by Gleason was sufficient to have apprised the defendants of the pendency of this suit.
 
 
 15
 As the Supreme Court held in Mullane, "[w]here the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." Id. at 318, 70 S.Ct. at 659. Here, Gleason could have ascertained the mailing addresses of the defendants and given them notice by mail of the institution of the action. This he failed to do. Rather, he relied inappropriately on inadequate methods of notice. The letter of "intent to file" did not provide sufficient notice to the defendants. The defendants were entitled to actual notice of the institution of the action, not merely notice that Gleason "intended" to bring suit and that an action "might ensue." See Schiavone v. Fortune, 750 F.2d 15, 18 (3d Cir.1984), aff'd, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The mere mention of the lawsuit in the newspaper article was likewise insufficient to satisfy the notice requirements. Publication of notice of the pendency of the lawsuit accompanied by mailed notice to the defendants might have been sufficient, see Mennonite Board of Missions v. Adams, 462 U.S. 791, 799-800, 103 S.Ct. 2706, 2711-2712, 77 L.Ed.2d 180 (1983), but not publication alone. Accordingly, Gleason's argument that the defendants received constructive notice of the suit fails.
 
 
 16
 For the foregoing reasons, the dismissal of claims underlying Gleason I was correct.
 
 2. Dismissal of Gleason III Claims
 
 17
 We affirm the dismissal of the claims underlying Gleason III as to McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini and reverse the dismissal of the action as to Spota, Whalen, Booth and the Village.
 
 
 18
 The Gleason III complaint was filed against defendants Spota, Whalen, Booth and the Village on May 11, 1984. As the suit against those defendants was filed within the applicable three year statute of limitations, see Okure, --- U.S. at ----, 109 S.Ct. at 580-82, it was timely filed as to them. Defendants McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini were first named as co-defendants in the consolidated amended complaint which was filed March 10, 1986, more than three years after Gleason's arrest for the harassment of Fiala. Thus, the action was untimely as to these defendants.
 
 
 19
 In an attempt to salvage his claims against defendants McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini, Gleason argues that because the original timely Gleason I complaint named the Village and nine of the twelve individual defendants, and the original timely filed Gleason III complaint named the Village and the other three individual defendants, all of the twelve individual defendants were properly named in the complaints. He goes on to apply the relation back doctrine found in Fed.R.Civ.P. 15(c), reasoning that relation back to include the nine Gleason I defendants in the timely filed Gleason III complaint was proper because all of the twelve individual defendants had notice of the pendency of the suits against them. He claims further that none of the defendants was prejudiced as a consequence of the consolidation of Gleason I and Gleason III. We find Gleason's arguments totally unpersuasive.
 
 
 20
 According to Fed.R.Civ.P. 15(c), relation back of pleading amendments to include additional parties requires that the claims against the new parties arise out of the same conduct or occurrence as those in the original pleading and that
 
 
 21
 within the period provided by law for commencing the action against [them,] the part[ies] to be brought in by amendment ... (1) ha[ve] received such notice of the institution of the action that [they] will not be prejudiced in maintaining [their] defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper part[ies], the action would have been brought against [them].
 
 
 22
 Gleason's relation back argument is fatally flawed. The incidents forming the basis of the Gleason I complaint (the Board meeting arrest in November 1978) and the Gleason III complaint (the arrest in May 1981 for the harassment of Fiala) are separate and distinct, thus the claims do not arise out of the same occurrence and there is no justification for the application of the relation back doctrine. Assuming, arguendo, that the occurrences were part of a conspiracy to deprive Gleason of his rights and thus arose out of the same conduct or occurrence, Gleason still fails to meet the other criteria found in Rule 15.
 
 
 23
 Gleason alleges that the notice requirement has been satisfied because (1) all of the defendants received a letter indicating "his intention to sue them," (2) the individual defendants in Gleason I and Gleason III shared the same counsel, (3) the Village is obligated to indemnify and defend the individual defendants and (4) the individual defendants are alleged to be integrally related as co-conspirators. These claims are baseless.
 
 
 24
 We quickly dispose of Gleason's claim of notice due to the "letter of intent" to sue. As previously stated, this letter of intent to sue was insufficient to satisfy the notice requirement. See Schiavone, 750 F.2d at 18.
 
 
 25
 Regarding the sharing of counsel, this too was insufficient to constitute proper notice. In order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendants would be added to the existing suit. See, e.g., White v. Lundeberg Maryland Seamanship School, Inc., 57 F.R.D. 128, 131 (D.Md.1972). In the instant case, although the Gleason I and Gleason III defendants shared the same counsel, there is no indication that counsel knew or should have known that the defendants in each group would be named as co-defendants in the other action. As is aptly pointed out in the brief of defendants-appellees Jandrucko, et al., the complaints in both Gleason I and Gleason III make clear that Gleason selectively named the parties he intended to sue in each action. This convinces us that the attorneys had no reason to believe that McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini would be named in the unrelated suits. If Gleason had intended to include them as defendants in the Gleason III suit, he would have explicitly done so. Therefore notice cannot be imputed to them based on their sharing of counsel with the Gleason I defendants.
 
 
 26
 Gleason claims that because the Village was timely served and because the Village had an obligation to indemnify its municipal employees, the untimely filing of claims against McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini relate back to the timely institution of claims against the Village. We disagree. As noted above, Gleason did nothing to indicate to the separate and distinct groups of defendants that he intended to include them as co-defendants in the unrelated cases. There is no justification for imputing the Village's knowledge of the pendency of either the Gleason I or the Gleason III suit to the distinct groups of defendants.
 
 
 27
 Finally, Gleason argues that because the defendants-appellees were integrally related as co-conspirators, they were all on notice of the pendency of his claims. This argument fails for two reasons. First, there being nothing in the complaint to "integrally relate[ ]" the defendants in the alleged conspiracy, no justification exists for relation back under this theory. Second, the "identity of interest" argument that would justify the relation back to add co-conspirators as defendants under Rule 15(c) is usually limited to the corporate context. See Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102-03 (1st Cir.1979). We see no reason to extend the doctrine to the present facts.
 
 
 28
 Having found that the notice requirement under Rule 15 was not satisfied, we need not address the second portion of the first prong of the Rule 15(c) test--the question whether prejudice would result from the relation back to include additional defendants.
 
 
 29
 Gleason never addressed the second prong of the Rule 15(c) test--whether the parties sought to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." Rule 15(c). We dispose of this point quickly. As previously stated, there is nothing in the record to indicate that defendants McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini knew or had reason to know that they would be named in Gleason III. Thus, Gleason's claim fails to satisfy this prong of the test.
 
 
 30
 The district court was clearly correct in dismissing Gleason III with respect to McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini. We do not reach the same conclusion as to the dismissal of the complaint against defendants Spota, Whalen, Booth and the Village. The suit was timely as to them. Because federal jurisdiction existed as to the claims against the four defendants timely served, the district court also had the discretion to assert pendent jurisdiction over Gleason's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 728-29, 86 S.Ct. 1130, 1140-41, 16 L.Ed.2d 218 (1966). Thus the dismissal of Gleason's state law claims for lack of subject matter jurisdiction was also erroneous. On retrial, the district court in its discretion may address the merits of Gleason's state law claims. Id. at 726-29, 86 S.Ct. at 1139-41.
 
 3. Dismissal of the Section 1985 Action
 
 31
 In 1977, Gleason ran unsuccessfully as an independent write-in candidate for mayor of the Village. At no time did he allege that he was a member of any organized political group. In his suit, Gleason claimed that the defendants-appellees conspired to discriminate and did discriminate against him for political reasons. The district court found that he had not met his burden of showing his membership in a protected group or the existence of a conspiracy directed against him as a member of such group. Accordingly, the district court dismissed Gleason's claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We agree with the district court's dismissal of Gleason's section 1985 claim.
 
 
 32
 In order for Gleason's complaint to state a cognizable claim under the pertinent provisions of section 1985, it had to allege that he was a member of a protected class, that the defendants conspired to deprive him of his constitutional rights, that the defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions. See 42 U.S.C. Sec. 1985(2), (3); Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971); see also Kush v. Rutledge, 460 U.S. 719, 722-23, 103 S.Ct. 1483, 1485-86, 75 L.Ed.2d 413 (1983). Gleason failed to satisfy any of these requirements.
 
 
 33
 We have held that political parties are protected groups under section 1985. Keating v. Carey, 706 F.2d 377, 386-88 (2d Cir.1983). In a case decided after our decision in Keating, the Supreme Court suggested that the scope of section 1985 might not extend to include discrimination against political groups except where that discrimination was based on racial animus. See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 836-37, 103 S.Ct. 3352, 3360-61, 77 L.Ed.2d 1049 (1983). After Scott was decided, the Fourth Circuit, in Harrison v. KVAT Food Management, Inc., 766 F.2d 155, 161-62 (4th Cir.1985), declined to follow our decision in Keating. Harrison held that "Republicans as a class are not protected by Sec. 1985(3)." Id. at 163.
 
 
 34
 The co-appellees in the instant action urge us to adopt the Fourth Circuit's reasoning in Harrison and hold that membership in a particular political party does not constitute a basis for protection under section 1985. We need not go that far to dispose of this issue, however, because Gleason does not claim discrimination based on his political party affiliation. He alleged only that he was discriminated against because he was a political opponent of the defendants and was extremely vocal in his opposition to their management of the Village. As the Fourth Circuit has held, "those who are in political and philosophical opposition to [the defendants], and who are, in addition, outspoken in their criticism of the [defendants'] political and governmental attitudes and activities" do not constitute a cognizable class under section 1985. Rodgers v. Tolson, 582 F.2d 315, 317 (4th Cir.1978). Hence, Gleason is not a member of a protected class under section 1985. It is worth noting that the complaint does not disclose who besides Gleason may belong to this purported class. Gleason's only claim is that he was discriminated against as an individual. As did the district court, we agree with that portion of Justice Blackmun's dissent in Scott which stated that under section 1985 "the intended victims [of discrimination] must be victims not because of any personal malice the conspirators have toward them, but because of their membership in or affiliation with a particular class." Scott, 463 U.S. at 850, 103 S.Ct. at 3367 (Blackmun, J., dissenting). Hence, under section 1985, Gleason's claim of individual discrimination is foreclosed.
 
 
 35
 Having determined that Gleason did not meet his burden of showing that he is a member of a protected group, we do not have to reach the issues of whether there was a conspiracy to deprive Gleason of his constitutional rights, whether the defendants acted with discriminatory animus, or whether Gleason suffered any damages. We hold that the dismissal of Gleason's section 1985 claim for failure to state a claim upon which relief may be granted was proper.
 
 
 36
 On appeal, Gleason argues that the district court erred in dismissing Count II of the Second Consolidated Amended Complaint based partly on principles of res judicata. We believe otherwise.
 
 
 37
 In Count II of the Second Consolidated Amended Complaint, Gleason raised claims concerning his purportedly false arrest for bank robbery as forming part of the basis for the defendants' section 1983 liability. The claims relating to the bank robbery arrest were the subject of the Gleason II suit which had been voluntarily discontinued by a stipulation and order of discontinuance with prejudice. Gleason's complaint requesting vacation of the stipulation was dismissed by the district court in Gleason II, and that dismissal was later affirmed. See Gleason v. Jandrucko, 860 F.2d 556.
 
 
 38
 The district court in the instant case found that under principles of res judicata, the bank robbery arrest could not be the basis for section 1983 liability. That finding was correct as a matter of law. See NLRB v. United Technologies Corp., 706 F.2d 1254, 1259 (2d Cir.1983). Accordingly, we affirm the district court's determination.
 
 
 39
 We have considered Gleason's other contentions and find them to be without merit.
 
 CONCLUSION
 
 40
 We affirm the dismissal of the Gleason I claims stemming from Gleason's arrest at the Village meeting. The dismissal of the Gleason III section 1983 claims against defendants McBride, Ranieri, Buonanno, Zegarelli, Malandrino, Cavalieri, Timmings, Jandrucko and Ponzini concerning Gleason's arrest for the harassment of Lanning Fiala is affirmed. The dismissal of the Gleason III claims as to defendants Spota, Whalen, Booth and the Village is reversed. We affirm the dismissal of Gleason's section 1985 claim of discrimination against him because of his political opposition of the defendants. We affirm the district court's determination that because of principles of res judicata, the bank robbery arrest could not be the basis for section 1983 liability. We remand to the district court for further proceedings including a determination of the effect of collateral estoppel on any remaining Gleason III claims against Spota, Whalen, Booth and the Village, and, in the discretion of the district court, consideration of Gleason's state law claims.