**Wellesley HOOD, Plaintiff,**

v.

**CITY OF NEW YORK, et al., Defendants.**

**No. 86 Civ. 7656 (WCC).**

United States District Court, S.D. New York.

June 19, 1990.

Paul, Weiss, Rifkind, Wharton, & Garrison, New York City, for plaintiff; Elizabeth J. Holland, of counsel.

Victor A. Kovner, Corp. Counsel of the City of New York, New York City, for defendants; Geoffrey Mort and Kenneth E. Pinczower *, Assistants Corp. Counsel, of counsel.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Wellesley Hood brings this action pursuant to 42 U.S.C. § 1983 alleging deprivations of his eighth and fourteenth amendment rights. This action is currently before the Court on the motion of certain defendants to dismiss the amended com-

* awaiting admission.

plaint as barred by the statute of limitations and failing to meet the relation-back requirements of Rule 15(c), Fed.R.Civ.P. For the reasons stated below, defendants' motion is denied.

## BACKGROUND

On October 7, 1986, plaintiff commenced this *pro se* action while he was an inmate at the Downstate Correctional Facility by filing a complaint pursuant to 42 U.S.C. § 1983 alleging that correction officers Alvin Whitfield and Henry Mack assaulted him in the Bellevue Hospital Prison Ward on January 8, 1986. Plaintiff named as defendants the City of New York ("City"), Mack and Whitfield.

Counsel was appointed for plaintiff on July 26, 1989. On January 17, 1990, plaintiff filed an amended complaint in which he added a claim asserting liability on an illegal pattern or practice theory under *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) against the City, and against two added defendants, Jacqueline McMickens, then-Commissioner of the New York City Department of Correction, and George Cruz, then-Commanding Officer of Bellevue Hospital Prison Ward. Plaintiff served McMickens and Cruz with the amended complaint in February 1990 and March 1990 respectively.

## RELATION–BACK DOCTRINE

■ In New York, the statute of limitations applicable to a section 1983 action is three years. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 580–82, 102 L.Ed.2d 594 (1989); *Pauk v. Board of Trustees*, 654 F.2d 856 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Since the allegedly unconstitutional acts took place on January 8, 1986, the limitations period expired by January 8, 1989. Plaintiff's amended complaint, filed January 17, 1990, was therefore filed approximately one year after the limitations period had run.

■■ Under Fed.R.Civ.P. 15(c), a claim or defense asserted in an amended pleading relates back to the original pleading if it arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. If this condition is met, under Fed.R.Civ.P. 15(c), an amendment adding a defendant to a complaint relates back to the original pleading date if the new defendant (1) has received such notice of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake in identity,[1] the action should have been brought against him. *See Chimapan v. V.A. Hosp. at Montrose*, 894 F.2d 557 (2d Cir.1990). In order to apply the doctrine of relation back under Rule 15(c), the party to be added must have received notice of the action before the statute of limitations has run. *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

### *I. Cruz and McMickens*

■ The added defendants Cruz and McMickens claim that plaintiff's amended complaint is time barred against them because plaintiff did not place them on notice of the action within the statute of limitations period, thereby causing them to be prejudiced in maintaining their defense. Cruz and McMickens further claim that even if they had notice of the action, they did not know that they should have been added as defendants in the action.

■ It is undisputed that Cruz and McMickens did not receive actual notice of this action before the statute of limitations expired. Plaintiff claims that because the Corporation Counsel has discretion to represent City and City agency employees in cases relating to their job-related actions

---

1. Although Rule 15(c) specifies that it applies in cases of mistaken identity, most courts, including courts in this circuit, have not limited it to cases of mistaken identity or misnomer. *See Kaminski v. Metropolitan Life Ins. Co.*, 586 F.Supp. 384, 388 n. 3 (S.D.N.Y.1984); *Sounds Express Intl., Ltd. v. American Themes & Tapes, Inc.*, 101 F.R.D. 694, 697 (S.D.N.Y.1984); *Hampton v. Hanrahan*, 522 F.Supp. 140, 144 (N.D.Ill. 1981); *but see Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980).

and the responsibility to represent the City and City agencies, they received sufficient notice. This Court must therefore determine whether Cruz and McMickens can be charged with constructive notice of the action based on the knowledge of the Corporation Counsel.

Contrary to defendants' assertion, it is not required that Cruz and McMickens have actual notice of the action within the limitations period. A number of courts have held that "knowledge of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represented the officials originally sued." *See Du Pree v. Walters*, 116 F.R.D. 31, 34 (S.D.N.Y.1987); *Morrison v. LeFevre*, 592 F.Supp. 1052, 1057–58 (S.D.N.Y.1984); *Davis v. Krauss*, 93 F.R.D. 580 (E.D.N.Y.1982). In *Williams v. Ward*, 553 F.Supp. 1024 (W.D.N.Y.1983), for example, the district court held that the addition of the Commissioner of the Department of Correctional Services as a defendant, after the statute of limitations had run, related back to the original *pro se* complaint filed against two prison doctors and the superintendent of the prison because of the Attorney General's knowledge of the lawsuit.

The recent case of *Gleason v. McBride*, 869 F.2d 688 (2d Cir.1989), however, requires an additional showing before an attorney's knowledge can be imputed to the new defendant. In *Gleason*, the Second Circuit Court stated, "[i]n order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendant would be added to the existing suit." *Id.* at 693. In determining whether such a showing had been made, the court framed the relevant inquiry as whether the attorneys "knew or should have known" that the additional defendants would be added within the statute of limitations. *Id.* The *Gleason* test

makes the second requirement of Rule 15(c), that the defendant knew or should have known that the action should have been brought against him, a requirement for finding that the defendant can be charged with constructive knowledge of the lawsuit based on the knowledge of the attorney.

While the Assistant Corporation Counsel assigned to this case has submitted an affidavit stating that prior to January 8, 1989, he had no knowledge that any additional defendants would be added to the suit,[2] this Court determines that the Corporation Counsel should have known that the additional defendants would be added to the lawsuit. Plaintiff's original *pro se* complaint was made by filling out a standard prisoner's complaint form. Plaintiff named the City as a defendant in addition to naming the officers who allegedly beat him. Given these factors, the Corporation Counsel should have known that municipal supervisory employees would also be added as defendants.

Cruz and McMickens assert that they "could very well have believed that they were not named as parties in the original complaint for tactical reasons or because [plaintiff] lacked evidence of [wrongdoing on their part]." *See Jiminez v. Toledo*, 604 F.2d 99, 103 (1st Cir.1979). This Court finds such a belief unreasonable. "A prisoner, without the resources to investigate ... cannot be expected to perform the investigation expected of plaintiffs in other situations." *Du Pree*, 116 F.R.D. at 35. The Corporation Counsel should have known that the omission of Cruz and McMickens from the original complaint was likely due to plaintiff's lack of knowledge of the identity of the persons he alleges were responsible, not a result of a conscious tactical decision.

Defendants' repeated claim that *Schiavone* has drastically altered the application of Rule 15(c) and requires the amended

---

**2.** Even if actual knowledge were the proper test, it is not clear from the affidavit whether this Assistant Corporation Counsel was assigned to the case before or after the statute of limitation period had expired and no affidavit is provided from the Assistant Corporation Counsel previously assigned to the case as to whether or not she knew that the additional defendants would be added.

complaint to be dismissed is without merit. In *Schiavone,* the Supreme Court noted that while timely filing of a complaint with notice to a party within the limitations period permits imputation to a subsequently named and sufficiently related party, no defendant had received notice within the statutory period and therefore notice could not be imputed to the subsequent party. While this Court agrees with defendants' assertion that *Schiavone* is equally applicable to *pro se* complaints, *Schiavone* is not determinative of the issues in this case. Defendants' citation to *Hughes v. U.S. Postal Serv.,* 700 F.Supp. 779 (S.D.N.Y. 1988), a straightforward application of the law set forth in *Schiavone,* suffers the same flaw. In the instant case there is no claim that the City, Whitfield and Mack were not served with the original complaint within the applicable statute of limitations period and thus neither case is determinative of the issues at bar.

This Court also finds that Cruz and McMickens are not prejudiced if plaintiff's claims against them are held to relate back to the original complaint. The Corporation Counsel argues that Cruz will not have the benefit of the depositions already conducted because it has informed Cruz that it will not represent him beyond the instant motion. However, Cruz is just as free as the other defendants to offer these depositions in evidence or to use them in cross-examination at the trial if deponents testify. He is also free to take the deposition of any other person possessing information relevant to the action. The Corporation Counsel further states that because the scope of its investigation was limited to the alleged assault on January 8, 1986, it will be required to obtain numerous additional documents in response to the amended complaint. While defendants will likely need to conduct additional discovery to defend against the claims raised in plaintiff's amended complaint, they have not demonstrated prejudice which would bar application of the relation back doctrine. While it

may be true, as defendants assert, that some witnesses are no longer employed by the City, defendants have not argued that it would be difficult or impossible to locate them. Furthermore, while defendants claim that it is likely that documents have been lost due to the passage of time, defendants have identified no such documents.

## II.  The City

■ The City, a named defendant in the original complaint, received actual notice of the original action within the statute of limitations period upon service of the original complaint. The City contends, however, that the amended complaint must be dismissed against it because the new claim asserted in the amended complaint does not arise out of the conduct set forth in the original complaint and it will be prejudiced in maintaining its defense. This Court rejects both contentions.

The Second Circuit Court has stated that "the inquiry in a determination of whether a claim should relate back will focus on the notice given by the general fact situation set forth in the original pleading." *See Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.1973) (quoting *Snoqualmie Tribe v. United States,* 178 Ct.Cl. 570, 372 F.2d 951, 960 (1967)), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *see also Holdridge v. Heyer–Schulte Corp.,* 440 F.Supp. 1088 (N.D.N.Y.1977). Although the addition of the claim that the alleged beating was permitted by a City practice or policy increases the complexity of the case and the scope of proof involved, this Court finds that this claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" as required by Rule 15(c). Both the claim against the City based on a supervisory liability theory contained in the amended complaint and the claim in plaintiff's original complaint arose from the alleged assault of plaintiff by defendants Mack and Whitfield. The two complaints share the same factual core.[3]

---

**3.** The cases cited by the defendant are all distinguishable. For example, in *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.1973), the amend-

ed complaint asserting a § 1983 claim based on physical assault by police did not relate back to the original complaint because the allegations in

The City argues that it was reasonable for it to assume that the original complaint stated a claim only against Officers Mack and Whitfield and named the City as a defendant merely because it employed Mack and Whitfield. This Court disagrees. The combination of the *pro se* complaint's allegations of unconstitutional acts on the part of the correction officers and the fact that City was named as a defendant should have put the City on notice that plaintiff was attempting, albeit unsuccessfully, to assert some form of supervisory liability against it.

This conclusion is supported by the fact that the City, in what it characterizes as a *"pro forma* policy matter," asserted as an affirmative defense in its answer to the original complaint that the complaint "[did] not allege the existence of an illegal pattern or practice." In *Lopez v. Ward*, 681 F.Supp. 192 (S.D.N.Y.1988), a case substantially similar to the instant case, the original *pro se* complaint alleged that the plaintiff had suffered an eye injury and did not receive timely medical treatment and named the City and the Warden of Rikers Island as defendants. The *Lopez* court found it relevant to the application of Rule 15(c) that defendants' answer, which alleged the same defense as in the case at bar, showed that they knew plaintiff was attempting to allege that the City maintained an unlawful policy. Defendants argue that examination of their original answer contradicts the principles governing Rule 15(c) as the Court must look only to the original complaint to determine if adequate notice was provided.[4] This Court finds no such contradiction. The Court is not determining that the answer supplies facts missing from the original complaint but only that the City cannot assert in the present motion that it lacked notice that plaintiff was attempting to assert a *Monell*

claim when its answer clearly demonstrates that it construed the original complaint as attempting to assert such a claim.

The City's claim of prejudice is rejected for the reasons set forth in response to the claims of prejudice asserted by Cruz and McMickens. Furthermore, since, as this Court has found, the City should have anticipated a *Monell* claim, as its answer suggests it actually did, the City should have taken steps to preserve evidence related to such a claim.

### CONCLUSION

For the foregoing reasons, defendants' motion is denied. SO ORDERED.

---

the original complaint related to allegedly unconstitutional pretrial publicity.

**4.** Defendants cite two cases in support of this proposition. In the first case, *Federal Deposit Ins. Corp. v. Chizner*, 110 F.R.D. 114 (E.D.N.Y. 1986), the court stated that only the original pleading should be considered but then supported its finding that the claim in the amended complaint did not relate back to the original

complaint by noting that an admission in the answer did not sufficiently relate to the new claim asserted. In the second case, *Holdridge*, 440 F.Supp. 1088, the court held only that the plaintiff's answers to interrogatories and memorandum in opposition to a motion for summary judgment could not provide the requisite notice of the claim.