**Rose COLOMBO, Plaintiff,**

v.

**S.C. DEPARTMENT OF SOCIAL SERVICES, Suffolk County Police Department, and Suffolk County Correctional Facility, Defendants.**

No. 00 CV 4618(ADS)(ETB).

United States District Court, E.D. New York.

May 13, 2004.

Rose Colombo, Port Jefferson, NY, Pro Se.

Suffolk County Attorney's Office, by Edward G. Heilig, Assistant County Attorney, Susan A. DeNatale, Assistant County Attorney, Hauppauge, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court are (1) a motion by the Suffolk County Department of Social Services ("DSS"), the Suffolk County Police Department ("Police Department") and the Suffolk County Correctional Facility ("Correctional Facility") (collectively, the "defendants") for summary judgment dismissing the complaint and (2) a motion by Rose Colombo ("Colombo" or the· "plaintiff")

to add several individuals as named defendants.

## I.  BACKGROUND

### A.  Factual Background

The following facts are taken from the complaint.  The plaintiff claims that, on October 12, 1999, Luz Adamas had the plaintiff evicted from 48 Applegate Drive, a home which was apparently operated by DSS, in Central Islip, New York. According to the plaintiff, she was evicted because she complained about "the overcrowding in the home, the lack of toilet paper and the fact that Mrs. Adamas had three mentally ill men sleeping on mattresses which were placed on the floor."

On October 15, 1999, the plaintiff sought emergency housing from DSS. However, instead, the plaintiff claims that DSS had her falsely arrested.  She further claims that the arresting police officer was Bill Doherty and that he was aware that it was a false arrest. The following day, the plaintiff claims that, without provocation, she was attacked by Correction Officer Linda DeBorn and two other officers.  As a result of the attack, the plaintiff suffered a torn cartilage in both of her knees and a "trigger thumb."  In addition, Colombo claims that DeBorn submitted a false intake report in which she stated that the plaintiff was a mental patient and was off her medication at the time of the attack.

### B.  Procedural History

On August 8, 2000, the plaintiff commenced this action for false arrest and assault.  The only defendants named in the action were DSS, the Police Department, and the Correctional Facility.  On January 20, 2004, the parties appeared before the Court for jury selection.  At that time, the Court informed the plaintiff that she had failed to name any individual defendants in her complaint.  The Court further informed her that the statute of limitations had run on her Section 1983 action.  The Court directed her to file a motion to add new defendants pursuant to the relation back doctrine.

Based on the Court's direction, the plaintiff now seeks to add the following individu-

als: Janet Demarzo, Commissioner for DSS, Richard Dormer, Commissioner of the Police Department, Sheriff Alfred C. Tisch, Police Officer Christopher Talt, Police Officer William J. Doherty, Police Officer James J. Cullen, Correction Officer Linda Besold, Correction Officer Trish Cardaci, Sergeant John Krieg, John B. Wingate, Commissioner of DSS, and Robert Wiederhold, the head of security at DSS. In addition, the defendants move for summary judgment dismissing the complaint in its entirety.

## II.   DISCUSSION

### A.   The Defendants' Motion for Summary Judgment

█ The Court notes that the defendants' motion for summary judgment does not include a notice to pro se litigants, as required by Local Rule 56.2 and *Vital v. Interfaith Medical Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999). The plaintiff's opposition papers indicate that she does not have a clear understanding of her burden in opposing summary judgment. Because of the procedural error, the defendants' motion for summary judgment is denied without prejudice.

### B.   The Plaintiff's Motion to Add Individual Defendants

Although the complaint does not cite to 42 U.S.C. § 1983, the Court assumes that, because the action is against several government agencies, the plaintiff seeks to bring this action pursuant to Section 1983. Actions brought pursuant to Section 1983 are subject to a three-year statute of limitations. *Morse v. University of Vt.*, 973 F.2d 122, 126 (2d Cir.1992). It appears that the plaintiff concedes that her time to add these additional defendants has already expired. As such, the plaintiff must demonstrate the amendment to include the individual defendants "relates back" to the date she filed the original complaint. See Fed.R.Civ.P. 15(c).

Relation back of amendments to the date of the original complaint is governed by Rule 15(c) of the Federal Rules of Civil Procedure which provides, in part, that the amendment relates back when:

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party the action would have been brought against the party.

█ Rule 15 provides for relation back where the party to be added as a defendant would have been named in the original complaint but for a "mistake concerning the identify of the proper party." Fed.R.Civ.P. 15(c)(3). The Second Circuit has held that a "mistake" in identifying a defendant occurs for purposes of Rule 15(c) when it is the result of "misnomer or misidentification," or when a plaintiff omits the individual defendant altogether in the erroneous belief that suing a government department will suffice. *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469–70 (2d Cir.1995). However, the relation-back doctrine does not apply where the defendants were not originally named merely "because plaintiff did not know their identities." *Tapia–Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999).

At the January 20, 2004 conference, the plaintiff explained that she did not name any individual defendants because she did not know their identities and that the municipal defendants withheld their names. As previously mentioned, the relation-back doctrine is inapplicable if the defendants were not originally named "because plaintiff did not know their identities." *Tapia–Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999). As such, because she failed to add the new names not due to a mistake but to her lack of knowledge, the requirements for the relation-back

doctrine are not met. *See Barrow,* 66 F.3d at 470 (2d Cir.1995).

■ However, with regard to Police Officer William Doherty and Correction Officer Linda Besold, the Court finds that the plaintiff's failure to name these two individuals can be characterized as a "mistake" pursuant to Rule 15. In the complaint, the plaintiff identifies one "Bill Doherty" as the police officer who allegedly falsely arrested her and one "Linda DeBorn" as the correction officer who allegedly attacked her on October 16, 1999. The Court assumes that the plaintiff's reference to "Linda DeBorn" in the complaint was meant to refer to Linda Besold, the individual whom the plaintiff now seeks to add as a defendant. Based on the complaint, it is clear that the plaintiff knew the identities of these individuals. In the Court's view, Colombo neglected to name these individuals based on the mistaken belief that she did not have to do so.

■ The Court must next determine whether Police Officer William Doherty and Correction Officer Linda Besold received timely notice of the action so as to avoid prejudice in defense of this action on the merits. *See* Fed.R.Civ.P. 15(c)(3). Knowledge of the pendency of an action may be imputed to a party to be added as a defendant to that action where there has been "some showing that the proposed defendant's attorney knew that the additional defendant would be added to the existing suit." *Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir. 1989). Here, as the attorneys for Police Officer William Doherty and Correction Officer Linda Besold, the Suffolk County Attorney's Office should have known that, despite the deficiencies in the original complaint, these individuals officers should have been named, and would be added when the mispleading became evident. Accordingly, the plaintiff's motion to add Police Officer William Doherty and Correction Officer Linda Besold as defendants is granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motion for summary judgment to dismiss the complaint in its entirety is **DENIED** without prejudice; and it is further

**ORDERED,** that the plaintiff's motion to add individual defendants is **DENIED** as to Janet Demarzo, Commissioner for DSS, Richard Dormer, Commissioner of the Police Department, Sheriff Alfred C. Tisch, Police Officer Christopher Talt, Police Officer James J. Cullen, Correction Officer Trish Cardaci, Sergeant John Krieg, John B. Wingate, Commissioner of DSS, and Robert Wiederhold, the head of security at DSS, and **GRANTED** as to Police Officer William Doherty and Correction Officer Linda Besold; and it is further

**ORDERED,** that jury selection is adjourned from May 24, 2004 to August 23, 2004 and that the parties are directed to appear on August 23, 2004, at 9:00 A.M., at the Long Island Federal Courthouse, 1024 Federal Plaza, Central Islip, New York 11722, in Room 1020; and it is further

**ORDERED,** that the plaintiff is directed to serve a summons and an amended complaint with a new caption on Police Officer William Doherty and Correction Officer Linda Besold; and it is further

**ORDERED,** that the caption of the complaint shall be amended as follows:

ROSE COLOMBO, Plaintiff,

against

S.C. DEPARTMENT OF SOCIAL SERVICES, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY CORRECTIONAL FACILITY, POLICE OFFICER WILLIAM DOHERTY, and CORRECTION OFFICER LINDA BESOLD, Defendant.

**SO ORDERED.**