Paul ARTETA, Richard K. Denehy, Brian C. Hayen and John E. Thompson, Plaintiffs–Appellants,

v.

COUNTY OF ORANGE, New York, Orange County Sheriff's Office, Carl E. Dubois, Kenneth T. Jones, Richard P. Onorati and Dennis D. Barry, Defendants–Appellees.

No. 04–0192–cv.

United States Court of Appeals, Second Circuit.

June 6, 2005.

4

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for Appellants.

Laura Wong–Pan, Assistant County Attorney of Orange County (David L. Darwin, Acting County Attorney), Goshen, NY, for Appellees.

PRESENT: MINER, SACK, Circuit Judges, and SPATT, District Judge.*

* Of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

The plaintiffs-appellants, current and former employees of the Sheriff's Office of Orange County, New York ("Sheriff's Office"), appeal from a judgment of the United States District Court for the Southern District of New York, dated November 10, 2003, dismissing their complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

A district court's dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed *de novo*, "taking all factual allegations as true and construing all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir.1999). "Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citation omitted).

In the 2002 election for Sheriff of Orange County, the plaintiffs, who have each been employed by the Sheriff's Office for more than ten years, supported the incumbent, who lost to the current Sheriff, one of the defendants, in the primary election. The plaintiffs allege that, because of their support for the current Sheriff's political opponent, they have been subjected by the defendants to a variety of actions, including, primarily: the transfer of Arteta, Denehy, and Hayen from the Investigations Division to the less prestigious Communications Division, with a resulting loss of "certain emoluments and perquisites" as well as a limiting of their opportunities to earn overtime; the transfer of Thompson from the position of undersheriff to a position in the Communications Division; and the termination of Hayen pursuant to charges of improper conduct (including improperly processing and withholding evidence and failing to answer truthfully during an interrogation). The plaintiffs allege that the defendants violated their rights under the First Amendment, to procedural and substantive due process, and under the Equal Protection Clause, made actionable through 42 U.S.C. § 1983, and violated 42 U.S.C. § 1985.

*First Amendment Claim*

"In order to establish a First Amendment claim of retaliation as a public employee, [a plaintiff] must show that (1) [his or her] speech addressed a matter of public concern, (2) [he or she] suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action." *Konits v. Valley Stream Cent. High School Dist.*, 394 F.3d 121, 124 (2d Cir.2005) (internal quotation marks and citation omitted). "Termination ... obviously qualifies as an adverse employment action" in this context. *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir.1999). A transfer may also constitute an adverse employment action, if it involves a significant "negative change in the terms and conditions of employment." *Id.* at 113. As for the third element, causal connection, "allegations must be sufficient to support the inference that the speech played a substantial part in the adverse action." *Davis v. Goord*, 320 F.3d 346, 354 (2d Cir.2003) (internal quotation marks and citation omitted).

Similarly, public employees who are not in policymaking positions may not be dismissed, or subjected to negative decisions concerning promotions or transfers, based on their political beliefs and associations. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 79, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Branti v. Finkel*, 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 372–73, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion). The Supreme Court noted that denials of promotions or transfers may be

punitive or adverse if, for example, employees are placed in "dead-end positions" or "denied transfers to workplaces reasonably close to their homes," such that they may feel a "significant obligation" or "daily pressure" to refrain from expressing or acting on their political views or even to change their views and associations. *Rutan*, 497 U.S. at 73, 110 S.Ct. 2729. On the other hand, "policymaking staffers may permissibly be fired by elected officials based on the staffers' political views and associations." *Velez v. Levy*, 401 F.3d 75, 95 (2d Cir.2005) (citing *Elrod*, 427 U.S. at 367, 96 S.Ct. 2673, and *Branti*, 445 U.S. at 518, 100 S.Ct. 1287). "[P]olitical affiliation is an appropriate requirement when there is a rational connection between shared ideology and job performance," *Regan v. Boogertman*, 984 F.2d 577, 580 (2d Cir. 1993) (internal quotation marks and citation omitted), particularly "when an elected official appoints a deputy who may act in his or her stead," *id.*

■■■ The plaintiffs have failed to state a claim of retaliation for political views or activities in violation of the First Amendment. As to Thompson, the position of undersheriff is a policymaking one, involving standing in the stead of the sheriff in the latter's absence, *see* N.Y. County L. § 652(1); Thompson's removal from the position of undersheriff, even if it was done on the basis of his political associations, was therefore not unconstitutional. As for the transfer of Arteta, Denehy, and Hayen from the Investigations Division to the Communications Division, there is no allegation that their civil service ranks, salaries, benefits, or opportunities for promotion were affected by the reassignments. The plaintiffs' reference to a resulting change in work hours does not indicate that the change was significantly negative, and their contention that "certain emoluments and perquisites" that they had

enjoyed came to end is vague and conclusory. This is not a case in which discovery might enable the plaintiffs to state more specific allegations. *Cf. Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The plaintiffs themselves, who were in a position to know and allege how they were adversely affected by their transfers, failed to allege *adverse* employment actions. Finally, as to Hayen, although his termination was clearly an adverse action, the complaint's allegations do not give rise to a plausible inference of a causal connection between his speech or political association, as related to the November 2002 election, and his termination, of which he was first notified in May 2003, pursuant to disciplinary charges.

*Due Process Claim*

■■■ "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it [or a] unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. 2701. Such interests arise not from the Constitution but rather "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.*; *see also Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Velez v. Levy*, 401 F.3d 75, 85 (2d Cir.2005). When an individual claims to have a property interest related to employment, courts may look to the relevant contract of employment—either explicit or implicit—or its functional equivalent to determine whether the individual has such a

property interest. *See Roth,* 408 U.S. at 578, 92 S.Ct. 2701; *Perry,* 408 U.S. at 601–02, 92 S.Ct. 2694; *Ciambriello v. County of Nassau,* 292 F.3d 307, 314 (2d Cir.2002). But "not every contractual benefit rises to the level of a constitutionally protected property interest." *Ezekwo v. N.Y. City Health & Hosps. Corp.,* 940 F.2d 775, 782 (2d Cir.1991).

"[S]ome kind of hearing [is required] prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (internal quotation marks and citation omitted). But "[i]n general, something less than a full evidentiary hearing is sufficient prior to adverse ... action." *Id.* at 545, 105 S.Ct. 1487 (internal quotation marks and citation omitted); *see also Locurto v. Safir,* 264 F.3d 154, 173 (2d Cir. 2001). Before being terminated, "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story," *Loudermill,* 470 U.S. at 546, 105 S.Ct. 1487; as long as a full post-termination hearing is provided for, the pre-termination hearing may be minimal, *id.; Locurto,* 264 F.3d at 173–74.

The plaintiffs' claim that they were deprived of a constitutionally protected property interest through their lateral transfers to the Communications Division, and the associated limiting of their ability to earn overtime, is unsupported. Although New York law and the relevant collective bargaining agreement ("CBA") create a property interest for covered public employees in continued employment, at the same grade, absent just cause, neither creates an interest in retaining an assignment to a particular division. *See* N.Y. Civ. Serv. L. § 75; *Ciambriello,* 292 F.3d at

314; CBA Article 21 (referring to N.Y. Civ. Serv. L. § 75); CBA Article 3; CBA Article 20. Nor does the CBA create an absolute property interest in the ability to work overtime, as the plaintiffs suggest. Rather, the CBA indicates at most that an employee has a property interest in receiving overtime when he or she qualifies to do so based on his or her seniority within the required job classification and based on the specific duty that is to be assigned. *See* CBA Article 14. But if, because of a reassignment to a different department, an employee no longer qualifies to receive overtime for a job classification that he or she is no longer in and for duties that he or she can no longer perform, it does not seem that the employee has been deprived of a property interest under this provision of the CBA. Thus, Arteta, Denehy, and Thompson have not been deprived of a constitutionally protected property interest.

 As for Hayen, he was deprived of a constitutionally protected property interest in continued employment when he was terminated, but he was afforded due process. After oral argument, at the request of this Court, plaintiffs' counsel provided a letter by which all parties stipulated that Hayen's termination became effective in November 2003, after arbitration hearings were held in August 2003 regarding the charges against Hayen, of which he was notified in May 2003 and which he disputed. Hayen was reinstated to payroll in June 2003, while his grievance was pending; ultimately, in November, the arbitrator upheld the termination, which then became effective. Thus, Hayen was given a full hearing before he was effectively terminated. *The process he was granted more than fulfilled constitutional requirements.*

 As for the plaintiffs' substantive due process claim, "where a specific con-

stitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process." *Velez,* 401 F.3d at 94; *see also Kaluczky v. City of White Plains,* 57 F.3d 202, 211 (2d Cir.1995). Even if the defendants had committed any of the specific constitutional violations alleged by the plaintiffs, the plaintiffs' substantive due process claim would be "subsumed in [their] more particularized allegations." *Velez,* 401 F.3d at 94. But in any event, because the plaintiffs have not stated specific claims of constitutional violations, their substantive due process claim must also fail.

*Other Claims*

■ The plaintiffs' equal protection claim must be dismissed because they fail to state a claim under either of the theories—of "selective enforcement," *see, e.g., Crowley v. Courville,* 76 F.3d 47, 52–53 (2d Cir.1996), or of a "class of one," *see Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (internal quotation marks omitted)—that they advance. Under either theory, a plaintiff must allege that he or she was treated differently from others similarly situated. *See Crowley,* 76 F.3d at 52–53; *Olech,* 528 U.S. at 564, 120 S.Ct. 1073. The plaintiffs made no such allegations.

■ Finally, the district court properly dismissed plaintiffs' § 1985 conspiracy claim, which they specify is a claim under § 1983(3), prohibiting conspiracies to deprive a person of his or her civil rights. To state a claim under § 1985(3), "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). This Court has found that a plaintiff who does

not claim discrimination based on his political party affiliation but rather contends that he was discriminated against because he was a political opponent of the defendants is not a member of a protected class under § 1985. *See Gleason v. McBride,* 869 F.2d 688, 694–96 (2d Cir.1989). Similarly, here, the plaintiffs do not allege that the defendants conspired to discriminate against them because of the plaintiffs' political party affiliation but rather because they supported one of the defendants' political opponents in an election.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.