12-2683-cv
Patrick R. Smith v. Corrections Officer Gottlob

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
 SUSAN L. CARNEY,
 J. CLIFFORD WALLACE,[*]
 *Circuit Judges.*

--------------------------------------------------

PATRICK R. SMITH,

 *Plaintiff-Appellant,*

 -v.- No. 12-2683-cv

CORRECTION OFFICER GOTTLOB

 *Defendant-Appellee.*[**]

--------------------------------------------------

FOR APPELLANT: MICHAEL A. DEEM, Law Office of Michael A. Deem, Ossining, NY.

---

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to conform with the caption above.

FOR APPELLEE:          JUSTIN R. ADIN, Assistant County
                       Attorney, *for* Robert F. Meehan,
                       Westchester County Attorney, White
                       Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the orders are **AFFIRMED**.

Patrick Smith appeals from a judgment of the district court denying him leave to file a Second Amended Complaint. We assume the parties' familiarity with the underlying facts and history of the case, as well as the issues on appeal.

Although the notice of appeal did not specify the orders appealed, we have jurisdiction in this case. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) ("[A] notice of appeal from a final judgment brings up for review all reviewable rulings which produced the judgment." (internal quotations omitted)).

Smith sought leave to add a claim pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). The district court did not abuse its discretion in denying leave because the claim would cause undue prejudice to Defendants. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

2

Morever, the claim would be futile.  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).  In the absence of a viable claim that Westchester officials used excessive force against Smith, Smith is unable to state a claim based upon a municipal policy or custom endorsing the use of excessive force.

The district court was also within its discretion in denying Smith leave to amend the complaint to add Corrections Officer Holmes as a defendant.  The district court did not err in distinguishing "John Doe" cases in which plaintiffs broadcast their continued quest to identify the party who allegedly wronged them.  Although knowledge of the lawsuit can be imputed to Holmes's attorneys, they could not reasonably have known that Smith intended to sue Holmes.  *See Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989) ("In order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendants would be added to the existing suit.").  Smith litigated vigorously against the initial defendants, lost, and now seeks to try his luck against

someone new; the district court did not abuse its discretion in denying him this opportunity. *Smith v. Westchester Cty. Dep't of Corrections*, 2012 WL 527222 at *6 (S.D.N.Y. Feb. 15, 2012).

We have considered all of Smith's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

4