Marvin FELIX, Omar Cornielle, Alejandro Perez and Martin Chaddy, Plaintiffs,

v.

NEW YORK CITY POLICE DEPARTMENT, the City of New York, Francisco Garrido, James Wood, Richard Chamberlain, Joseph Cruz, Dennis Johnston, William O'Flaherty, New York Drug Enforcement Task Force Officer John Does 1 Through 15, New York Drug Enforcement Task Force Officer Jane Doe and Richard Roe, Defendants.

No. 89 Civ. 2410 (JSM).

United States District Court, S.D. New York.

Nov. 12, 1992.

Gary Friedman, Keila D. Ravelo, Sidley & Austin, New York City, for plaintiffs Marvin Felix, Omar Cornielle and Martin Chaddy.

Serene K. Nakano, Asst. U.S. Atty., U.S. Attorney's Office, New York City, for defendants Francisco Garrido, William O'Flaherty, Dennis Johnston, James Wood, Richard Chamberlain, Joseph Cruz and Proposed Defendant Miguel Monge.

Frances Sands, Asst. Corp. Counsel, New York City Law Dept., New York City, for defendants City of New York and New York City Police Dept.

## OPINION

MARTIN, District Judge:

Plaintiffs Marvin Felix, Omar Cornielle and Martin Chaddy[1] seek leave to file a consolidated amended complaint and to join as additional parties New York Drug Enforcement Task Force ("NYDETF") officers[2] William O'Flaherty and Miguel Monge. Defendants Richard Chamberlain, Joseph Cruz, Francisco Garrido, Dennis Johnston, William O'Flaherty, and James Wood and proposed defendant Miguel Monge oppose the motion on the grounds that the statute of limitations has run and the amendment does not relate back under Federal Rule of Civil Procedure 15(c).

*Background*

Plaintiffs Felix and Cornielle commenced this § 1983 action *pro se*[3] on April 12 and

---

1. Plaintiff Alejandro Perez's complaint was dismissed with prejudice by this Court on February 24, 1992. He is therefore no longer a party to this case.

2. Unless otherwise indicated, all officers connected to NYDETF are members of the New York City Police Department.

3. Gary Friedman, Esq., filed a notice of appearance on behalf of both plaintiffs on February 28, 1991.

May 8, 1989, respectively, against certain individual and John Doe defendants and certain municipal defendants.[4] The plaintiffs alleged that their civil rights had been violated during their arrests on August 16, 1988 on drug-related charges for which they were subsequently convicted, claiming that officers had beaten them to discover the location of the drugs. On April 12, 1991, these two plaintiffs filed an amended consolidated complaint naming one additional NYDETF defendant, and describing "John Doe No. 1" as a "white male who appears to stand over six feet tall and weigh over 200 pounds" and who was "known to plaintiffs as 'O'Hagerty'" and "John Doe No. 2" as "an Hispanic male" who was "known to the plaintiffs as 'Marshall' or 'Marichal.'" Both John Doe defendants were described as "law enforcement officer[s] associated with the NY-DETF."

On June 27 and July 12, 1991, the defendants answered plaintiff's first set of interrogatories and produced documents relevant to the arrest. In the answers, defendants failed to identify Monge in response to a question calling for the identities of all the officers involved in the arrest, although they did include O'Flaherty. Defendants produced numerous "Reports of Investigation" ("ROI") and evidence vouchers which mentioned both O'Flaherty and Monge in connection with the operation, but which did not directly state that either had participated in the arrest.

On August 15, 1991, one day before the expiration of the statute of limitations (*see infra*), plaintiffs Felix and Cornielle sent letters to NYDETF officers identified in the interrogatories who were not parties to the suit, informing each that he or she "may be named as a defendant" in the action, and enclosing a copy of the amend-ed complaint. O'Flaherty was sent one of these letters, but Monge was not.

On August 16, 1991, plaintiff Martin Chaddy filed suit against the City of New York and the same individual defendants named in Felix and Cornielle's suit, with the addition of O'Flaherty. Chaddy also named John Doe NYDETF officers, among them "John Doe No. 2" who was described as an Hispanic "law enforcement officer associated with the NYDETF" who was "known to plaintiffs [sic] as 'Marshall' or 'Marichal.'" Chaddy's complaint substantially mirrored Felix/Cornielle's amended complaint, and it is to be noted that Chaddy and Felix/Cornielle share the same counsel.

Subsequent information has come to light in the course of discovery which plaintiffs claim indicates for the first time that O'Flaherty and Monge participated in the arrest and should be named as defendants.[5] Accordingly, plaintiffs seek to amend their complaints to name Monge as a defendant, and plaintiffs Felix and Cornielle seek to amend their complaint to name O'Flaherty as a defendant.[6]

*Discussion*

■ Because the statute of limitations, which the parties agree is three years and which commenced on August 16, 1988, has run, the amendment must "relate back" to the dates of the original complaints in order to withstand a statute of limitations defense. Federal Rule of Civil Procedure 15(c) governs the relation back of amendments, and provides in pertinent part:

An amendment changing the party against whom a claim is asserted relates back if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period

---

**4.** In a letter to the Court dated September 4, 1992, municipal defendants City of New York and the New York City Police Department indicated that they took no position with regard to the proposed amendment.

**5.** Specifically, plaintiffs' opportunity to view Monge at a January, 1992 deposition and a June, 1992 discovery of Monge's grand jury testimony in which he claimed to have participated in the arrest, *inter alia*. *See* Plaintiffs' Brief in Support, pp. 4–6. No new information as to O'Flaherty was mentioned.

**6.** Hereinafter, references to "plaintiffs" refer to Felix and Cornielle where the amendment as to O'Flaherty is concerned, and to Felix, Cornielle and Chaddy where the amendment as to Monge is concerned.

provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[7]

The Supreme Court, in *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986), has interpreted Rule 15(c) to have four requirements:

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning its identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.[8]

There is no dispute as to requirements (1) or (4), to the extent that requirements (2) and (3) are established.

*Notice*

Plaintiffs claim that O'Flaherty received actual notice through the letter of August 15, 1991. The Government responds that a letter which merely states that a person "may be named as a defendant" cannot serve as sufficient notice.

■ In discussing the timeliness of the service of a complaint, the Second Circuit has said that "[i]t is well settled that notice must be 'reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action.' " *Gleason v. McBride,* 869 F.2d 688 (2d Cir. 1989), quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). There, an "intent to file suit" letter was found to be insufficient notice. "The defendants were entitled to actual notice of the institution of the action, not merely notice that Gleason 'intended' to bring suit and that an action 'might ensue.' " *Id.* 869 F.2d at 692. This analysis was then applied to determine that notice had not been sufficient for Rule 15(c) purposes either. *Id.* at 693.

■ However, *Gleason* does not support the proposition that all "intent to file suit" letters are deficient notice for 15(c) purposes. The letter in *Gleason* was sent to a Village Board, as opposed to the individual defendants; moreover, it did nothing to inform the recipient of the nature of the case. Such notice is clearly insufficient to apprise interested parties of the pendency of the action.

■ Here, O'Flaherty received a letter which clearly informed him of the possibility that he would be named as a defendant, and likewise put him on notice as to the nature of claims against him. He was therefore made aware that he was a potential defendant in a case about which he had detailed information. This constitutes notice such that he would not be prejudiced in defending the action under Rule 15(c).

Even if actual notice were not given to O'Flaherty, both he and Monge received constructive notice through their attorneys. "In order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing

---

**7.** FRCP 15(c) was amended effective December 1, 1991. The new version reads substantially similarly, with one major distinction being that the period in which the party must receive notice is now "the period provided by Rule 4(m) [now 4(j)] for service of the summons and complaint." Thus, the new version could effectively extend the period in which the party may validly be notified by 120 days pursuant to Rule 4(j). No issue as to the retroactivity of Rule

15(c) arises because the analysis in this case will be the same regardless of which version applies.

**8.** As noted, the fourth requirement now is that the second and third requirements must have been fulfilled within the period provided by Rule 4(j). *Supra* n. 6; *see* Adv.Comm. Notes to 1991 Amendment.

that the attorney(s) knew that the additional defendants would be added to the existing suit." *Gleason,* 869 F.2d at 693. If counsel is on notice to prepare a defense for additional defendants, then such defendants will not be prejudiced by being named at a later date.

This Court has found notice through shared counsel to be sufficient in situations very similar to this one. *See, e.g., Velez v. Koehler,* 1991 WL 130913, 1991 U.S.Dist. LEXIS 9295 (S.D.N.Y.) (finding constructive knowledge in § 1983 action against law enforcement officials through Corporation Counsel); *Hodge v. Ruperto,* 739 F.Supp. 873, 881 (S.D.N.Y.1990) ("This Court determines that the Corporation Counsel should have known that the additional defendants would be added to the law suit" where plaintiff sued John Doe defendants in § 1983 action); *see also Dupree v. Walters,* 116 F.R.D. 31, 34 (S.D.N.Y.1987).

Here, plaintiffs clearly indicated in their complaints that additional defendants were likely to be included. The only possible issue is whether counsel was on notice that it would have to prepare a defense for such additional defendants.

The Government argues that since O'Flaherty and Monge were officially unrepresented during the relevant notice period, they can not be charged with constructive notice through the Government. This argument misses the point. At issue is whether the Government was on notice to prepare a defense for the unidentified defendants, not whether those defendants were in fact represented in an official capacity. Given that the Government was already representing numerous NYDETF officers and that "John Doe No. 1" and "John Doe No. 2" were alleged to be NY-DETF officers, it is clear that the Government was on notice to prepare a defense, and thus the notice requirement of 15(c) was satisfied.

The Government contends that the proposed defendants will suffer prejudice by being added at this date because they will be deprived of a statute of limitations defense in a case where they may be personally liable. Again, their argument is irrelevant. In fact, every party who is named after the statute of limitations under Rule 15(c) will suffer this exact same prejudice. The appropriate inquiry for Rule 15(c) purposes is whether defendants received sufficient notice such that their defense will not be prejudiced. As discussed above, because counsel was on notice to prepare their defense, no prejudice to defendants will result.

*Mistake*

■ The third requirement of Rule 15(c) is that the defendant knew or should have known that, but for a mistake by plaintiff, the action would have been brought against him. Defendants contend that plaintiffs did not make a genuine mistake, but rather unreasonably disregarded information in their possession or available to them which would have identified defendants.

It is unclear to what level of neglect conduct must rise before it is outside the purview of Rule 15(c). Since the Rule is phrased in terms of what the defendant "knew or should have known," the relevant question is whether the defendants had known or should have known that the plaintiffs were making a mistake as to identity, as opposed to a strategic decision or a lapse of diligence in filing. *See Kilkenny v. Arco Marine Inc.,* 800 F.2d 853, 857 (9th Cir.1986) (must look to whether plaintiff's failure could have led "the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of plaintiff's mistake"); *Unicure, Inc. v. Thurman,* 97 F.R.D. 1, 6 (W.D.N.Y.1982) (same).

Both O'Flaherty and Monge were aware that the plaintiffs were intending to name additional defendants who were present at the arrest, by virtue of the "John Doe" designations. Furthermore, the particularity of detail in the descriptions of John Does nos. 1 and 2 served further to inform O'Flaherty and Monge that they were likely to be named as parties, but for the plaintiffs' mistake as to their exact identities. The Government's argument that O'Flaherty and Monge were justified in

assuming that plaintiffs knew of their identities because plaintiffs were in possession of certain documents referring to them is undercut by the fact that the Government, in possession of the same documents, failed to identify Monge as present at the arrest in its response to interrogatories.

O'Flaherty and Monge knew or should have known that, but for a mistake in identity, they would have been named as defendants.

For the foregoing reasons, plaintiffs' motions to file an amended consolidated complaint and join William O'Flaherty and Miguel Monge as defendants is granted.

SO ORDERED.