Derrick DAILY, Plaintiff,

v.

Officer Clayton MONTE, Officer Brian Love, Officer Scott Pasini, Classification Director Frank Wren, and Director of Jails Peter Wilson, in their individual capacities, jointly and severally, Defendants.

No. 97–75925.

United States District Court, E.D. Michigan, Southern Division.

Nov. 19, 1998.

Constitutional Litigation Associates, P.C., Hugh M. Davis, Patrick M. Edwards, Detroit, MI, for Plaintiff.

Wayne County Corporation Counsel, Jennifer Granholm, W. Steven Pearson, Detroit, MI, for Defendants.

## OPINION AND ORDER

ROBERTS, District Judge.

Before the Court is Defendants' Motion for Summary Judgment, filed September 2, 1998. In it, Defendants argue that Plaintiff's claims are barred by the statute of limitations. In the alternative, Defendants claim that judgment is warranted because Plaintiff has not presented any genuine issues of material fact with respect to any of his claims. Plaintiff contends that his claims are not barred by the statute of limitations and that he has a viable failure to protect claim. Plaintiff agrees to withdraw his claims for retaliation and inadequate training and/or supervision. For the reasons explained herein and on the record of November 9, 1998, Defendants' Motion is denied.

## I.

Plaintiff was an inmate of Ward 206 of the Wayne County Jail in November 1994. His cause of action for failure to protect accrued at the latest on November 8, 1994, when he was allegedly assaulted by fellow prisoners. Plaintiff filed his original Complaint on November 7, 1997, naming Wayne County Sheriff Robert A. Ficano, inmate Cornell McGee, and eight "John Doe" Defendants. Upon receiving information regarding the identity of the "John Does," Plaintiff moved to amend his Complaint. On March 27, 1998, Plaintiff dropped Defendants Sheriff Ficano and Cornell McGee and added Clayton Monte, Scott Pasini, Cathy Love, Frank Wren, and Peter Wilson. Subsequently, Defense counsel informed Plaintiff's counsel that Defendant Cathy Love was named in error and that Brian Love was the proper Defendant. On April 14, 1998, Plaintiff filed a Second Amended Complaint substituting Brian Love for Kathy Love. Because the statute of limitations for civil rights claims is three years, *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986); *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), Plaintiff's claims against the newly named Defendants are untimely unless they relate back to the original pleadings. Whether relation back is permitted with the substitution of "John Doe" defendants is thus the question to which the Court now turns.

As Defendants point out, the Sixth Circuit has recently addressed this issue in *Cox v. Treadway*, 75 F.3d 230 (6th Cir.1996). In *Cox*, the Court of Appeals reasoned that substituting a named defendant for a "John Doe" defendant is considered a change in parties, such that an amendment outside the limitations period will only relate back if it meets the requirements of Fed.R.Civ.P. 15(c) ("the Rule"). *Id.* In particular, the Rule allows relation back only if the newly named party "knew or should have known that, but for a mistake concerning the identity of the proper party" that s/he would have been named in the initial pleading. Fed.R.Civ.P. 15(c)(3). However, according to *Cox*, amend-

ments replacing named parties for "John Does" "... do not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(b)." *Id.* (citation omitted). In other words, changing a named defendant for a "John Doe" defendant outside the limitations period is impossible because such a change will not meet the mistaken identity requirement for relation back under the Rule. Thus, while the *Cox* court reiterated that amendments outside the limitations period must meet the requirements of Fed.R.Civ.P. 15(c), it also held that the "mistaken identity" requirement of the Rule cannot be met where a named party is substituted for an *unknown*, as opposed to a *mistaken*, party.

While the *Cox* court narrowly construed the requirements of Fed.R.Civ.P. 15(c), at least one other Sixth Circuit court has not done so, indicating that there is a split in authority regarding the proper interpretation of the Rule. In particular, the Sixth Circuit declined a narrow construction in *Berndt v. State of Tennessee,* 796 F.2d 879 (6th Cir. 1986), a case on which the *Cox* court relied. In *Berndt,* the Sixth Circuit remanded a case to allow a *pro se* litigant with serious civil rights allegations an opportunity to amend his complaint where he had alleged, *inter alia,* that unnamed staff members of a state supported mental institute failed to protect him from assault. 796 F.2d at 884. Although the statute of limitations had run, the court did *not* find that relation back would not be allowed for failure to meet the "mistaken identity" requirement of Fed.R.Civ.P. 15(c). Rather, the court reasoned, "the inquiry of whether the new defendants knew or should have known that the suit should have been brought against them is ... a patently factual inquiry and [is] left to the district court." *Id.* at 884. In so holding, the *Berndt* court relied on yet another Sixth Circuit case, *Ringrose v. Engelberg Huller Co., Inc.,* 692 F.2d 403, 405 (6th Cir.1982), where suit was also remanded to the district court, in part, for consideration of whether the newly named defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." 692 F.2d at 405. Importantly, the *Ringrose* court had admonished that the

Rule "would allow the correction of misnomers [but not] the addition or substitution of new parties after the expiration of the statute of limitations." *Id.*

The *Berndt* court's analysis of the notice requirement of Fed.R.Civ.P. 15(c) also indicates that the court did not intend a narrow construction. In suggesting factors for the district court to consider in determining whether the new defendants received timely notice of the action, the court held the Rule does not require actual notice of the action within the limitations period, but is satisfied where constructive notice is shown. 796 F.2d at 884. Indeed, the *Berndt* court opined that notice could even be imputed to new defendants through the attorney representing the original defendants, relying on *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir. 1980), *abrogated in part by, Schiavone v. Fortune,* 477 U.S. 21, 30, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Further, relying on *Huron Valley Hospital v. City of Pontiac,* 612 F.Supp. 654 (E.D.Mich.1985), the court stated that "where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship alone, may imply receipt of sufficient notice." *Id.*

Further, a review of those cases upon which the *Berndt* court relied demonstrates that a narrow construction of Rule 15(c) has previously been rejected. In particular, the *Huron Valley* court rejected the precise construction of Rule 15(c) advanced by *Cox* and before this Court. 612 F.Supp. at 659 n. 5. In *Huron Valley,* the defendants claimed that Rule 15(c) only allows relation back of amendments in cases of misnomer, relying on the Sixth Circuit's admonition in *Ringrose, supra. Id.* However, because the Sixth Circuit remanded that case for further development, the *Huron Valley* court reasoned that the "real concern was with the adequacy of the notice given." *Id.* In addition, the court also relied on C. Wright & A. Miller, *Federal Practice & Procedure,* § 1498, at 512 (1971), noting that there was "no justification" for a restrictive interpretation of Rule 15(c) so long as the notice requirement is satisfied. *Id.*

Similarly, in *Kirk, supra,* the Fifth Circuit found that the "mistaken identity" requirement had been met based on the fact that the newly named defendant also had sufficient notice of the action. 629 F.2d at 409. In analyzing the notice requirement, the court noted: "Since the purpose and effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collection of evidence which it is still fresh and other similar concerns." *Id.* at 408. Thus, according to *Kirk,* where a plaintiff can show timely notice in light of the policy objectives of the statute of limitations, s/he may also be able to demonstrate that the newly named defendant knew or should have known s/he would be named but for a mistake in identity.

Based on the foregoing, I find that *Cox* represents a departure from previous interpretations of Rule 15(c), and I am persuaded by the reasoning of the *Berndt* and those cases upon which it relied. Thus, I hold that in order for the amended pleadings to relate back under Rule 15(c): (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in, whether new or a misnomer, must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *See Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Further, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice. *John Doe v. Sullivan County,* 956 F.2d 545 (6th Cir.1992); *Berndt,* 796 F.2d at 884.

Turning to the facts of this case, there is no dispute that Plaintiff has met the first requirement, as the basic claims against the newly named Defendants clearly arise out of the same conduct. With respect to the second requirement, while Defendants Monte, Love and Pasini could be expected to have known of the instant suit by virtue of their status as jailors, this alone is insufficient to impute to them knowledge of their future status as Defendants. Nonetheless, I do determine that there are facts present here to justify a conclusion that Monte, Love and Pasini received such timely constructive notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits.

This civil rights complaint was originally filed on November 7, 1997, and was removed to this Court on December 3, 1997. The time for service—120 days—expired approximately March 7, 1998, such that March 7th was the date by which these Defendants needed to receive notice and have knowledge that they would have been named but for a mistake in identity under the Rule.

On January 12, 1998, Defendants were served with Plaintiff's interrogatories and requests for admissions, including a request that Defendants identify the names of the persons whose duties corresponded to the allegations made against the various "John Does" in the Complaint. On or about February 12, 1998, Defendants—through the attorney who now also represents Monte, Love and Pasini—responded to Plaintiff's interrogatories and requests to admit. In so doing, Defendants provided incident reports containing the names of Monte, Love and Pasini. On February 19, 1998, Defendants' attorney was also notified of the forthcoming attempt to amend the Complaint. Despite defense counsel's affidavit stating that he did not *formally* notify Monte, Love and Pasini of the suit until after March 7th—and the Court has no reason to disbelieve the affidavit—I find it difficult to believe that the County would not have conducted an initial, thorough investigation, particularly given the seriousness of Plaintiff's allegations. Such investigation is the only way that Defendants' counsel could have prepared the responses to Plaintiff's interrogatories and requests to admit in early February. The fact that Defendants also furnished incident reports naming Monte, Love and Pasini at that time is per-

suasive evidence that such an investigation was indeed conducted. Thus, based on the evidence before me, I find that the newly named Defendants had constructive notice of the suit by early February, and that Plaintiff has, therefore, demonstrated timely notice sufficient to satisfy the second requirement of Fed.R.Civ.P. 15(c).

I further find that the newly named Defendants, all former jail personnel in the Sheriff's department, knew or should have known that they would be named, but for the Plaintiff's ignorance as to their identity. Again, given the seriousness of Plaintiff's allegations, I find that Defendants must have been aware of the contents of Plaintiff's Complaint pursuant to the County's investigation. Moreover, because Plaintiff's Complaint details the assault that investigation revealed took place on Ward 206, Defendants knew or should have known that Plaintiff intended to name them in the Complaint. Finally, because the investigation took place within the time for service, Defendants knew or should have known they would be named within the time required by the Rule.

I further note that my conclusions with respect to the Defendants' awareness of the suit and their potential liability are consistent with the policy objectives of Fed.R.Civ.P. 15(c). As several courts have noted, because the Rule creates an exception to the statute of limitations, the issue of whether the requirements of the Rule have been met "must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collection of evidence while it is fresh and other similar concerns." *Kirk,* 629 F.2d at 408; *Simpson v. City of Maple Heights,* 720 F.Supp. 1303, 1305 (N.D.Ohio 1988). In the instant case, none of the newly named Defendants will suffer undue surprise, nor will they suffer as a result of stale evidence. Indeed, the facts before me suggest that these Defendants were aware of the suit and their potential liability. Moreover, the attorney representing them had begun investigating and collecting evidence regarding the claims against them before they were formally named.

In sum, I find that Plaintiff has met the requirements of Rule 15(c) such that his amended pleadings relate back to the date of his original Complaint. Accordingly, Defendants' argument that summary judgment must be granted because Plaintiff's claims are not timely is rejected.

## II.

Having found that Plaintiff's claim is timely, the question remaining is whether Plaintiff has submitted enough evidence such that a jury could reasonably conclude that Defendants were deliberately indifferent to his constitutionally protected needs. *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir.1992). In so doing, the Court must consider whether the evidence shows that Defendants knew of a "substantial risk of serious harm" to Plaintiff. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). This Court is mindful of the fact that Defendants cannot be held liable unless the evidence suggests that they knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837, 114 S.Ct. 1970.

Plaintiff claims his deposition testimony establishes a dispute over the issue of deliberate indifference. Plaintiff testified that he witnessed numerous other prisoners being assaulted, that he informed Defendants Monte, Love and Pasini of serious risks to his safety on several occasions, and that Defendants ignored him. Specifically, Plaintiff stated, "I repeatedly asked them to be moved and they saw at the time that the guys were forcing me to wash their underwear in the showers and stuff like that. And they witnessed times when I had bruises on me and I told them that they were jumping on me, slapping me around. They would see it and just ignore it." (Pl's Dep. at 83.). Plaintiff further testified that "Officer Monte, on one occasion after making a round, [he] witnessed Carter sucker punch me and he basically ignored it." (Pl's Dep. at 84). According to Plaintiff, Officer Love was aware that Plaintiff had been assaulted overall "for a period of days, slapped, pushed around, washing these guys' laundry or clothes and being pressed for sex, but he didn't do anything." (Pl's Dep, at 86.). Plaintiff claims

that Officer Pasini didn't react when Plaintiff sent kites indicating that he was in danger and wanted to be transferred. Plaintiff testified that Pasini was "neutral" because he wasn't around much, but that Pasini and Love "were both aware of what was going on in there ..." (Pl's Dep. at 90). Finally, when Plaintiff was assaulted on November 7, 1994, he claims that he again requested to be transferred due to threats of assault but Defendants "sat out in the hallway and watched." (Pl's Dep. at 88). Plaintiff claims that he was assaulted for more than twenty minutes while Defendants Love, Pasini and Monte looked on.

Construing the evidence in the light most favorable to Plaintiff, this Court finds that Plaintiff's testimony establishes a genuine issue of material fact with respect to the issue of whether Defendants Monte, Pasini and Love were deliberately indifferent to his constitutionally protected needs. If believed, Plaintiff's testimony demonstrates that those officers knew of a substantial risk to his safety because they witnessed mistreatment and because Plaintiff repeatedly complained about it. Moreover, the fact that Plaintiff was fortunate enough to be rescued before serious harm was done does not preclude a finding that he was in fact at substantial risk of serious harm. Again, Plaintiff's testimony suggests that the conditions of his confinement were such that he was in serious danger of great harm and that Defendants Monte, Pasini and Love disregarded that risk. Construing the evidence in Plaintiff's favor, a jury could reasonably find that Defendants' actions were more then negligent and that they rose to the level of deliberate indifference. Accordingly, Defendants' Motion with respect to Plaintiff's failure to protect claim is denied.

### III.

Based on the foregoing, the Court finds that Plaintiff's amendments relate back under Fed.R.Civ.P. 15(c) such that Defendants' Motion for Summary Judgment regarding the timeliness of Plaintiff's claims is **denied.** The Court further finds that Plaintiff has created a genuine issue of material fact with respect to his failure to protect claim such

that Defendants' Motion for Summary Judgment on that claim is also **denied.** Finally, Plaintiff has agreed to withdraw his claims for retaliation and inadequate training and/or supervision. Thus, Plaintiff's claims against Defendants Peter Wilson and Frank Wren are **dismissed.**

**IT IS SO ORDERED.**