Jose P. FERREIRA

v.

CITY OF PAWTUCKET, et al.

C.A. No. 04–040 ML.

United States District Court,
D. Rhode Island.

Oct. 21, 2004.

V. Edward Formisano, Sinapi Formisano & Coleman Ltd., Cranston, RI, for Plaintiff.

Marc DeSisto, DeSisto Law, Providence, RI, for Defendants.

## MEMORANDUM AND ORDER

LISI, District Judge.

This action is before the Court on Plaintiff's Motion to Amend his Complaint in order to substitute David Silva ("Silva") for Defendant John Doe ("Doe"). For the reasons set forth below, Plaintiff's Motion to Amend is denied.

### I. Facts

Plaintiff Jose P. Ferreira alleges that on September 6, 2000, members of the Pawtucket Police Department subjected him to

an unconstitutional search and seizure by arresting him at his home and later forcing him to submit to a strip search. Plaintiff filed a complaint in the Providence County Superior Court on August 15, 2003 against the following Defendants: the City of Pawtucket, by and through its Finance Director, Ronald Wunschel; the Chief of the Pawtucket Police Department, George L. Kelley, III; and the Pawtucket police officers who allegedly engaged in the illegal conduct, Denis P. Lefebvre, Jr., Stephen Ricco, and "John Doe, alias individually and in his official capacity as a police officer employed by the City of Pawtucket Police Department." In his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendments rights, Article I, § 6 of the Rhode Island Constitution, common law negligence, and the common law right to privacy. Plaintiff completed service on all Defendants other than Doe on February 3, 2004. These Defendants then filed a Petition for Removal in this Court on February 11, 2004. A scheduling order was issued by this Court on April 1, 2004, establishing August 2, 2004 as the close of discovery and August 16, 2004 as the deadline for filing dispositive motions. This order was amended on July 15, 2004 to extend the period for discovery until October 4, 2004 and the deadline for filing dispositive motions until October 18, 2004. On September 16, 2004, Plaintiff filed this Motion to Amend his Complaint to substitute Silva for Defendant Doe.

## II. Discussion

 Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 627 (1st Cir.2000). A motion to amend should be granted unless it is "apparent" that it would reward undue delay, bad faith, or dilatory motive on the part of the movant. *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir.1983) (*quoting Foman*, 371 U.S. at 182, 83 S.Ct. 227). A court should deny leave to amend, however, if the proposed amendment would be futile. *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir.1994). When leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6). *Hatch v. Dep't of Children, Youth, and Their Families*, 274 F.3d 12, 19 (1st Cir.2001).

Defendants object to the proposed amendment arguing that it is futile because the claims asserted against Silva are barred by the applicable statute of limitations.

 It has long been established that federal courts hearing § 1983 actions apply the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276–78, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *McIntosh v. Antonino*, 71 F.3d 29, 34–35 (1st Cir.1995). Under Rhode Island law, personal injury actions must be filed within three years of the accrual of the cause of action. *Marrapese v. State of Rhode Island*, 500 F.Supp. 1207, 1224 (D.R.I.1980). Since Plaintiff's cause of action accrued on September 6, 2000 when his alleged injuries occurred, the statute of limitations expired on September 7, 2003, more than one year before the date he filed his Motion to Amend in this case.

Plaintiff does not address the statute of limitations at all. Defendants, however, acknowledge that Rule 15(c) provides that some amendments may relate back to the original filing date, thus avoiding the effect

of an expired statute of limitations. Rule 15(c)(3) permits the relation back of an amendment that changes a party to the action, provided that the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).

 The overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming "John Doe" defendants whose identity is unknown at the time of the filing of the complaint do not relate back under Rule 15(c)(3).[1] *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 469 (2d Cir.1995), *amended by* 74 F.3d 1366 (2d Cir.1996); *Jacobsen v. Osborne,* 133 F.3d 315, 320–21 (5th Cir.1998); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996); *Worthington v. Wilson,* 8 F.3d 1253, 1256–57 (7th Cir.1993); *Garrett v. Fleming,* 362 F.3d 692, 696–97 (10th Cir.2004); *Wayne v. Jarvis,* 197 F.3d 1098, 1102–04 (11th Cir.1999). *But see Singletary v. Penn. Dep't of Corrections,* 266 F.3d 186, 200 (3rd Cir.2001) (noting, in dicta, that "the bulk of authority from other Courts of Appeals takes the position that the amendment of a 'John Doe' complaint … does

not meet the 'but for a mistake' requirement in 15(c)(3)(B)," and then expressing its disagreement with this authority). These courts have found that a plaintiff's lack of knowledge as to the identity of a defendant does not constitute a "mistake" under Rule 15(c)(3). This Court agrees. The Eleventh Circuit explained that "[t]he drafters of Rule 15(c)(3) included the mistake proviso … in order to 'resolve the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Wayne,* 197 F.3d at 1103 (*quoting* Fed. R.Civ.P. 15(c)(3), Advisory Committee Notes to 1991 Amendment). Therefore, Rule 15(c)(3) should apply only to an amendment that rectifies a plaintiff's error, like a misnomer or misidentification. As the naming of "John Doe" defendants is not an error, but rather results from a plaintiff's lack of knowledge as to the identity of the proper party at the time of filing, amendments identifying such defendants cannot relate back under Rule 15(c)(3).

Plaintiff's amendment seeks to identify Silva as the "John Doe" defendant. It therefore is not subject to Rule 15(c)(3) and cannot relate back to the original date of filing. Since the statute of limitations expired before Plaintiff filed his Motion to Amend, Plaintiff's proposed amendment is futile and his motion must be denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is DENIED.

SO ORDERED.

---

1. Although the First Circuit has not addressed this specific issue, at least one district court in the District of Massachusetts has held that Rule 15(c)(3) does not apply where a plaintiff

seeks to identify "John Doe" defendants after the statute of limitations has expired. *Broner v. Flynn,* 311 F.Supp.2d 227, 237 (D.Mass. 2004).