Roseline **CHOLOPY**, In Her Individual Capacity and as Administratrix of the Estate of Eric A. Kromah, Plaintiff,

v.

**CITY OF PROVIDENCE,**
et al., Defendants.

No. C.A. 03–284L.

United States District Court,
D. Rhode Island.

May 25, 2005.

Roseline Cholopy, Providence, RI, pro se.

Joseph A. Moniz, Moniz, Cooper & McCann, LLP, Hartford, CT, Alton William Wiley, Jr., Esq, Cranston, RI, for Plaintiff.

Kevin F. McHugh, City of Providence Law Department, Providence, RI, Joseph F. Penza, Jr., Olenn & Penza, Warwick, RI, for Defendants.

## DECISION AND ORDER

LAGUEUX, Senior District Judge.

This case involves constitutional and state law claims asserted by Roseline Cholopy ("Plaintiff") in her individual capacity as wife of and as administratrix of the estate of Eric Kromah ("Kromah"). Kromah died in police custody after he was arrested for an alleged break-in. During his arrest, Kromah sustained various injuries, and one of the arresting officers sprayed him with department-issued pepper spray. The state medical examiner conducted an autopsy and ruled that Kromah's death was caused by "cardiac arrhythmia due to acute cocaine intoxication." A one-paragraph police report of the incident, authored and filed by Sergeant Lopardo, did not contain the names of any other police officers present during Kromah's arrest. At the request of Kromah's family, an independent autopsy was performed shortly after his death. This autopsy report concluded that Kromah's cause of death was "excited delirium", and that there were no drugs or alcohol in his body at the time of death. Based partly upon the conflicting information from the independent autopsy, Plaintiff filed a claim with the Providence City Council and, eventually, a complaint in this Court, essentially claiming that the Providence Police used excessive force when arresting Kromah.

In her Original Complaint, Plaintiff named as defendants the City of Providence, the Providence Police Department, Urbano Prigano, Jr., Chief of Police of the City of Providence, and Sergeant Lopardo (collectively the "Original Defendants"). In her Amended Complaint, Plaintiff adds as defendants Patrolmen Albert DeCristofano, Michael Imondi, Edwin Kemble, Jr., Jin S. O and Vincent Pazzetta (collectively the "New Defendants"). Plaintiff claims that together the Original Defendants and the New Defendants deprived her and Eric Kromah of rights under the *Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution.* See Am. Compl., at para. 5. Plaintiff presents this Court with a statutory cause of action under *42 U.S.C. § 1983.* See Am. Compl., at para. 5 (alleging that the defendants acted under color of state law). The matter is here on the New

Defendants' Motion for Judgment on the Pleadings pursuant to *Rule 12(c) of the Federal Rules of Civil Procedure*. The basis for the motion is that the statute of limitations bars suit against them. The key issue presented by the motion is whether Plaintiff's Amended Complaint relates back to the date she filed her Original Complaint, thus avoiding the applicability of the statute of limitations to the New Defendants.

### BACKGROUND

Plaintiff, acting pro se, filed her Original Complaint on June 30, 2003, in this Court having previously filed the appropriate administrative claim with the Providence City Council as a predicate for filing state law claims as well as the federal § 1983 claim. The Complaint describes events that allegedly occurred during the arrest and subsequent death of Kromah on July 25, 2000. The Original Complaint named the Original Defendants as well as "John and Jane Does 1–10." John and Jane Does 1–10 were described in the Original Complaint as "supervisors and/or employees of the City." It was not until November 9, 2003 that Plaintiff propounded interrogatories to Lopardo, the only officer named in the police report, requesting the identification of John and Jane Does 1–10. Lopardo answered by naming each of the New Defendants on December 8, 2003 as having been at the scene of the incident. Shortly thereafter, on December 12, 2003, Plaintiff, still acting pro se, moved to amend her Complaint to replace John and Jane Does 1–10 with the New Defendants. On January 6, 2004 this Court denied Plaintiff's Motion to Amend without prejudice, as she had failed to attach the proposed amended complaint to her motion. Plaintiff corrected this oversight, and she resubmitted her Motion to Amend in June of 2004. This Court granted the Plaintiff's motion to Amend, over the objection of the attorney for the New Defendants, but advised that the New Defendants could file a motion to dismiss if they thought that the statute of limitations had expired as to them. The New Defendants elected to file a motion for Judgment on the Pleadings, pursuant to *Federal Rule of Civil Procedure 12(c)*, asserting that, as to them, Plaintiff's Amended Complaint is time-barred by the statute of limitations. Plaintiff, now represented by counsel, contends that her Amendment relates back to the date of the Original Complaint pursuant to *Federal Rule of Civil Procedure 15(c)*, and therefore the statute of limitations does not operate to bar her action against the New Defendants.

This Court concludes that Plaintiff's Amended Complaint does not relate back because it fails to satisfy at least one requirement of *Rule 15(c)*. Therefore the statute of limitations applies, and the New Defendants must be dismissed from this case.

### DISCUSSION

A. *The Rhode Island Statute of Limitations Applies To Plaintiff's Amended Complaint*

"Statutes of limitation ... are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim...." *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945)(*citing Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 88 L.Ed. 788 (1944)). Although arbitrary, courts must respect statutes of limitation as reflections of legislative judgment "concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–464, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974).

Moreover, "[w]hile judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction." *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir.2001). Indeed, this Court has stated that "a litigant's pro se status does not absolve him or her from compliance with the Federal Rules of Civil Procedure."

*LaCedra v. Donald W. Wyatt Det. Facility,* 334 F.Supp.2d 114, 126 (D.R.I.2004) (*citing Ruiz Rivera v. Riley,* 209 F.3d 24, 28, n. 2 (1st Cir.2000); *FDIC v. Anchor Props.,* 13 F.3d 27, 31 (1st Cir.1994)). This includes conformity with the applicable statute of limitations. *See Ferreira v. City of Pawtucket,* 365 F.Supp.2d 215 (D.R.I.2004).

■ It is well established "that federal courts hearing § 1983 actions apply the forum state's statute of limitations...." *Id.,* at 216 (*citing Wilson v. Garcia,* 471 U.S. 261, 276–78, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); *McIntosh v. Antonino,* 71 F.3d 29, 34–35 (1st Cir.1995); *see also Reed v. United Transp. Union,* 488 U.S. 319, 326, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989) ("1983 actions are governed by state general or residual personal injury statutes of limitations"). Under Rhode Island law, personal injury actions must be filed within three years of the accrual of the cause of action. *Id.* (*citing Marrapese v. State of Rhode Island,* 500 F.Supp. 1207, 1224 (D.R.I.1980)).

Plaintiff's cause of action accrued on July 25, 2000, when the alleged violations took place. Thus, the applicable Rhode Island statute of limitations expired on July 26, 2003, more than five months prior to the date Plaintiff filed her Amended Complaint in this case. Therefore, Plaintiff's claims against the New Defendants are time-barred unless the Amended Complaint relates back to the time the Original Complaint was filed.

**B.** *In Order to Avoid the Time Bar of the Statute of Limitations, Plaintiff's Amended Complaint Must Satisfy the Requirements of Federal Rule of Civil Procedure 15(c) and Relate Back to the Date that the Original Complaint was Filed*

Both parties acknowledge, and this Court agrees, that *Federal Rule of Civil Procedure 15(c)* determines whether or not the Plaintiff's Amended Complaint relates back to the filing of the Original Complaint and avoids the bar set by the Rhode Island statute of limitations. *See LaCedra,* 334 F.Supp.2d at 127 (*citing Fed.R.Civ.P. 15(c); Wilson v. United States,* 23 F.3d 559, 562 (1st Cir.

1994); *Velez v. Alvarado,* 145 F.Supp.2d 146, 153 (D.P.R.2001)).

The relation back doctrine "ensures that litigants do not use the statute of limitations to prevent the litigation of claims when a real party in interest received sufficient notice of the proceedings or was practically involved in the proceedings from the early stages of the litigation." *Id.,* at 127 (*citing Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 97 (D.P.R.1997); *Ayala Serrano v. Collazo Torres,* 650 F.Supp. 722, 726 (D.P.R.1986) (*quoting Hampton v. Hanrahan,* 522 F.Supp. 140, 145 (N.D.Ill.1981))). The trial court has discretion to determine "whether or not an amended pleading relates back to the date of the original" complaint. *Id.,* at 128 (*citing Shea v. Esensten,* 208 F.3d 712, 720 (8th Cir.2000); *Williams v. United States,* 405 F.2d 234, 237 (5th Cir.1968)). This Court has noted that "[a] trial court should exercise this discretion liberally, especially when the complaint alleges a violation of civil rights." *Id.* (*citing Ayala Serrano,* 650 F.Supp. at 726 (citations omitted)).

As stated in *Federal Rule of Civil Procedure 15(c),* an amended complaint will relate back to the filing of an original complaint only if:

1) the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth ... in the original pleading;

2) the party being added by the amendment received notice of the institution of the action within the time period specified in Federal *Rule 4(m)* ... *and* that the new party will not be prejudiced in maintaining a defense on the merits; and

3) the party being added to the litigation knew or should have known that the action would have been brought against him or her but for *a mistake as to the identity* of the proper party.

*Fed.R.Civ.P. 15(c)(3)* (2004) (emphasis added); *see also LaCedra,* 334 F.Supp.2d at 127 (*citing VKK, Corp. v. Nat'l Football League,* 244 F.3d 114 128 (2d Cir.2001); *Leonard v. Parry,* 219 F.3d 25, 28 (1st Cir. 2000); *Freund v. Fleetwood Enters., Inc.,* 956 F.2d 354, 363 (1st Cir.1992); *Velez,* 145

**416**

F.Supp.2d at 153; *Pineda*, 982 F.Supp. at 96).

This Court concludes that Plaintiff's Amended Complaint does not meet all of the requirements of *Rule 15(c)*. Therefore, her amendment does not relate back to the filing of her Original Complaint and does not avoid the three-year time-bar set by the Rhode Island statute of limitations.

 (i) The Claim Asserted in the Amended Complaint Arises out of the Same Conduct, Transaction, or Occurrence Described in the Original Complaint

■ The first requirement for application of the relation back doctrine is that "the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth in the original pleading." *Fed.R.Civ.P. 15(c)(1)*. Amendments that "merely correct technical deficiencies or modify the facts alleged in the earlier pleading" meet the requirements of the first sentence of *Rule 15(c)*. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1497, at 74 (2d ed. 1990 & Supp.2004). In the instant case, Plaintiff's Amended Complaint, in seeking to add the New Defendants, makes no additional claims or factual assertions. Accordingly, both parties acknowledge, and this Court agrees, that the first requirement of the relation back doctrine has been met.

 (ii) The New Defendants Arguably Received Sufficient Constructive Notice of the Institution of the Action Within the Specified Time Period

The second requirement for application of the relation back doctrine is that the parties added by amendment receive adequate notice "within the time period specified in *Federal Rule 4(m)*" so as to not prejudice their defense. *Fed.R.Civ.P. 15(c)(2)*. As this Court has noted in the past, "[w]hether or not a party added by way of an amended complaint had ... notice of the original action is the critical question in a *Rule 15(c)* determination." *LaCedra*, 334 F.Supp.2d at 128 (*citing Williams*, 405 F.2d at 236); *Ayala Serrano v. Gonzalez*, 909 F.2d 8, 12 (1st Cir.1990) (*quoting Schiavone v. Fortune*, 477 U.S. 21,

31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)). Equally clear is that Plaintiff need not show actual notice for purposes of *Rule 15(c)*, as "the Rule may be satisfied by a showing of constructive notice." *Id.*, at 129 (*citing Daily v. Monte*, 26 F.Supp.2d 984, 986 (D.Mich. 1998) (citations omitted)). In determining whether a party added by amendment has received constructive notice for *Rule 15(c)* purposes, the appropriate question for the reviewing court is whether the new party, as viewed from the standpoint of a reasonably prudent person, "should have expected that the original pleading might be altered or called into question." *Id.* (*citing Manney v. Monroe*, 151 F.Supp.2d 976, 995 (N.D.Ill. 2001); *see also* 6A Wright, *et al.*, *supra*, § 1497, at 93 (noting that the reasonable person inquiry better reflects the liberal policy of *Rule 15(c)*)). To that extent, in order for relation back to be proper, a court must find that constructive notice was "reasonably calculated, under all of the circumstances, to apprise all interested parties of the pending action." *Id.* (*citing Felix v. New York City Police Dep't*, 811 F.Supp. 124, 127 (D.N.Y. 1992)) (*quoting Gleason v. McBride*, 869 F.2d 688, 692 (2d Cir.1989)).

Federal Courts have found sufficient constructive notice for *Rule 15(c)* purposes in four distinct factual settings. *Id.*, at 129–30 (recognizing three traditional constructive notice situations, then adding a fourth situation). First, there may be constructive notice if an authorized employee does not reject a summons naming a non-existent party. *Id.*, at 129 (*citing Pineda*, 982 F.Supp. at 97). Second, there may be constructive notice if the original complaint alleges that the new defendant committed the alleged acts and is an official of one of the original defendants. *Id.* (*citing Daily*, 26 F.Supp.2d at 987 (citations omitted)). Third, a new defendant may have constructive notice if he or she retains the same attorney as an original defendant and that attorney should have known that the new defendant would be added to the existing lawsuit. *Id.* (*citing Byrd v. Abate*, 964 F.Supp. 140, 146 (S.D.N.Y.1997); *Felix v. New York City Police Dep't*, 811 F.Supp. 124, 127–8 (1992)(*quoting Gleason v. McBride*, 869 F.2d 688, 693 (1989)); *Hodge v. Ruperto*,

739 F.Supp. 873, 881 (S.D.N.Y.1990); *Hood v. City of New York,* 739 F.Supp. 196, 199 (S.D.N.Y.1990); *Ayala Serrano,* 650 F.Supp. at 728). But see, *Manney,* 151 F.Supp.2d at 999 (*citing Woods v. Indiana Univ.-Purdue Univ. at Indianapolis,* 996 F.2d 880, 889, n. 14 (7th Cir.1993) (noting that relation back is improper when all defendants, including the newly-added defendants, share the same counsel)). Finally, a court may find constructive notice sufficient for purposes of the relation-back doctrine if the original and newly named defendants share an "identity of interests." *Id.,* at 130 (*citing Ayala Serrano,* 909 F.2d at 12 (*citing Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102 (1st Cir.1979)); *Velez,* 145 F.Supp.2d at 154; *Bowden v. Wal–Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1241–42 (M.D.Ala.2000); *Ayala Serrano,* 650 F.Supp. at 726). The "identity of interests" test only applies if the original and newly-named defendants are "so closely related in business or other activities and their interests are sufficiently aligned that it is fair to presume that the new defendants learned of the institution of the action from the original defendants." *Id.,* at 130 (*citing Ayala Serrano,* 909 F.2d at 12; *Bowden,* 124 F.Supp.2d at 1242; *Ayala Serrano,* 650 F.Supp. at 726; *Bruce v. Smith,* 581 F.Supp. 902, 906 (W.D.Va.1984); 6A Wright, *et al., supra,* § 1498, at 146).

In the instant case, Plaintiff may have given the New Defendants constructive notice sufficient for purposes of *Rule 15(c)(2).* Although it is unlikely that the New Defendants and Original Defendants share an identity of interests, it is undisputed that at least one Original Defendant, Sergeant Lopardo, is represented by Joseph F. Penza, Jr., the same attorney representing the New Defendants. As this Court held in *LaCedra,* "[w]hen a new and original defendant share the same attorney, there is no prejudice to the new defendant," as long as "the attorney was initially on notice to prepare the new party's defense." 334 F.Supp.2d at 129–130 (*citing Felix,* 811 F.Supp. at 128). Moreover, Plaintiff may have given the New Defendants constructive notice sufficient for application of *Rule 15(c)(2)* because the Original Complaint alleges that the New Defendants committed the alleged acts and

they are officials of one of the Original Defendants, the Providence Police Department. Nevertheless, even assuming that sufficient constructive notice was given for purposes of the relation back doctrine, Plaintiff's Amended Complaint does not relate back to the filing of the Original Complaint, as it fails to meet the requirement of *Rule 15(c)(3).*

(iii) The Plaintiff's Original Complaint did not Give the New Defendants Notice That Plaintiff Would Have Named Them as Defendants but for a Mistake as to Their Identity

■ The third and final requirement for application of the relation back doctrine is that the failure to name the New Defendants in the Original Complaint is due to mistake. *Fed.R.Civ.P. 15(c)(2).* A mistake "is an incorrect action or statement that follows from faulty judgement, inadequate knowledge, or inattention." *LaCedra,* 334 F.Supp.2d at 132 (*citing Leonard v. Parry,* 219 F.3d 25, 28 (1st Cir.2000)). For purposes of *Rule 15(c)(3)* courts must make an objective inquiry into whether or not a mistake occurred and in doing so "must consider the totality of the circumstances and the relevant facts at issue." *Id.,* at 133 (*citing Bowden,* 124 F.Supp.2d at 1242). Generally, the failure to name a party is not a mistake. *See Id.,* at 134 (*citing Leonard,* 219 F.3d at 31 (citations omitted)(noting that plaintiff's mere lack of knowledge as to the proper party to sue is not a mistake); *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Worthington v. Wilson,* 8 F.3d 1253, 1257–58 (7th Cir.1993); *Manney,* 151 F.Supp.2d at 996; *Taylor v. City of Winnfield,* 191 F.R.D. 511, 514 (W.D.La.2000)). Instead, a mistake for purposes of *Rule 15(c)(3)* only occurs when a plaintiff uses one name intending and thinking to sue one entity, when in fact he should have used a different name. *Id.*

The "overwhelming majority of federal appellate courts that have considered the issue have found that amendments naming 'John Doe' defendants whose identity is unknown at the time of filing do not relate back under *Rule 15(c)(3).*" *Ferreira,* 365 F.Supp.2d 215, 217 (*citing Barrow v. Wethersfield Police*

**418**

*Dep't,* 66 F.3d 466, 469 (2d Cir.1995), *amended by* 74 F.3d 1366 (2d Cir.1996); *Jacobsen v. Osborne,* 133 F.3d 315, 320–21 (5th Cir.1998); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996); *Worthington v. Wilson,* 8 F.3d 1253, 1256–57 (7th Cir.1993); *Garrett v. Fleming,* 362 F.3d 692, 696–97 (10th Cir.2004); *Wayne v. Jarvis,* 197 F.3d 1098, 1102–04 (11th Cir. 1999)). These courts have determined that the "mistake proviso" was drafted to " 'resolve the problem of a misnamed defendant' and allow a party 'to correct a *formal defect* such as a misnomer or misidentification.' " *Id.,* at 217 (citing *Wayne,* 197 F.3d at 1103)(emphasis added). As noted, Judge Mary Lisi of this District recently adopted this position in *Ferreira. See id.* In that case, as in this matter, plaintiff sought leave to amend in order to replace a "John Doe" defendant with a specific police officer. *Id.,* at 217. The Court denied Plaintiff's Motion to Amend, finding that "a plaintiff's lack of knowledge as to the identity of a defendant," unlike a misnomer or a misidentification of a defendant, "does not constitute a 'mistake' under *Rule 15(c)(3)*." *Id.,* at 217. This Court agrees, because otherwise any complaint with "John Doe" defendants would have an indefinite and potentially infinite limitations period.

In this instant matter Plaintiff merely lacked knowledge of the proper parties, and does not claim there was a misnomer or mistake. Indeed, Plaintiff's Amended Complaint seeks to identify the New Defendants as the "John Doe" defendants in her Original Complaint. Therefore, the amendment adding the New Defendants does not relate back to the time the Plaintiff filed her Original Complaint under *Rule 15(c)(3).*

### CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint does not comply with the requirements of *Rule 15(c)(3)* so as to relate back to the filing date of Plaintiff's Original Complaint. Therefore, the statute of limitations expired before Plaintiff filed her Motion to Amend adding the New Defendants and the Motion for Judgment on the Pleadings must be granted.

No judgement shall enter until all claims in this case are resolved.

It is so ordered.